UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Nicholas J. Gianno, Arnold Lee, and Lori Risman, on behalf of themselves and all others similarly situated.

**DEFENDANTS**
ALACER CORPORATION and DOES 1 through 15

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
REESE RICHMAN LLP
875 Avenue of Americas, 18th Floor, New York, NY 10001
212 643 0500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. §1332(d) Class Action Fairness Act ("CAFA") : Misrepresentation of the health benefits of Emergen-C products

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: **SACV09-01247 CJC (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Massachusetts |
| | New Hampshire |
| | Illinois |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA | Massachusetts |
| | New Hampshire |
| | Illinois |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date October 27, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicholas J. Gianino, Arnold Lee, and Lori Risman, individually and on behalf of other similarly situated <br> PLAINTIFF(S) <br> v. <br> ALACER CORPORATION and DOES 1 through 15 <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV09-01247 CJC (RNBx)** <br><br><br> SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __REESE RICHMAN LLP__, whose address is __875 Avenue of the Americas, 18th Floor, New York, NY 10001__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: October 27, 2009

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV09- 1247 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**REESE RICHMAN LLP**
Michael R. Reese (Cal. Bar No. 206773)
875 Avenue of Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: michael@reeserichman.com

*Counsel for Plaintiffs and the Proposed Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. GIANINO, ARNOLD LEE, and LORI RISMAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALACER CORPORATION and DOES 1 through 15,<br><br>Defendants. | Case No.  SACV09-01247 CJC (RNBx)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Nicholas J. Gianino, Arnold Lee, and Lori Risman, individually and on behalf of others similarly situated, allege for their Class Action Complaint against defendant Alacer Corporation and DOES 1 through 10, inclusive ("Defendant" or "Alacer"), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by their attorneys, as follows:

## INTRODUCTION

1. Defendant Alacer manufactures Emergen-C, a purported immune-boosting supplement, and distributes it to every state in the United States.

2. This is a proposed nationwide class action brought by Plaintiffs, and a class of those similarly situated, against Alacer seeking redress for Alacer's unjust, unfair and deceptive practices in misrepresenting the health benefits of its Emergen-C products in violation of California law.

3. Alacer deceptively markets Emergen-C as a supplement that "supports" or "boosts" the user's immune system and decreases the user's likelihood of getting or remaining sick. In addition, Alacer falsely represents that Emergen-C increases the user's metabolic function and "ignites [the user's] energy level."

4. Alacer's representations of the health benefits of Emergen-C are false and wholly unsupported.

5. Emergen-C does not boost the immune system, offers no protection against germs, provides no health protection, immune defense or support, and has no effect on whether a user gets or remains sick. In addition, Emergen-C does nothing to improve metabolic function or increase energy.

6. The purpose of this action is to put an end to Alacer's deceptive marketing of Emergen-C and to provide consumers with monetary relief for Defendant's unjust enrichment and violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200-17209, California's False Advertising Law ("FAL"), Bus. & Prof. Code

§§ 17500-17536, and California's Consumer Legal Remedies Act ("CLRA"), Civ. Code §§ 1750-1784 (though Plaintiffs only seek injunctive relief under the CLRA at this point and do not seek monetary relief under the CLRA in this Complaint).

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the parties in this case. The Defendant is a corporate entity whose headquarters are in California within this District.

8. This Court has original jurisdiction over this class action under 18 U.S.C. §1332(d), which under the provisions of the Class Action Fairness Act ("CAFA") explicitly provides for the original jurisdiction of the Federal Courts in any class action in which any member of the plaintiff class is a citizen of a State different from any defendant, and in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. Plaintiffs allege that the total claims of individual class members in this action are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2), (5). As set forth herein, Plaintiffs are citizens of Illinois, Massachusetts and New Hampshire, whereas Alacer is a citizen of California. Furthermore, Plaintiffs allege that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a State other than California, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. §1332(d)(5)(B). Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. §1332(d)(2)(A).

9. Venue is proper in this District under 28 U.S.C. § 1391(a). Defendant maintains its headquarters within this District and a substantial part of the events or omissions giving rise to the claims occurred within this District.

## APPLICATION OF CALIFORNIA LAW

10. California law applies to the claims and issues asserted herein. Plaintiffs seek damages and equitable relief on behalf of themselves and all other United States

residents similarly situated, including residents of California, under the laws of the State of California.

11. All of Defendant's relevant business, including the formulation and execution of the unlawful practices alleged herein, occurred in, or emanated from California, where Defendant has its principal place of business.  Accordingly, California has significant contacts and/or a significant aggregation of contacts to the claims asserted by Plaintiffs and all Class members.

12. California has a materially greater interest than any other state in regulating unlawful conduct by Alacer, which conducted its unlawful practices out of its principal place of business in California, and in enforcing the rights and remedies granted to United States consumers, including California residents, under the California laws invoked by this complaint.  These rights and remedies further strong fundamental public policies of the State of California.

## PARTIES

### Individual and Representative Plaintiffs

13. Plaintiff Nicholas J. Gianino is an individual consumer who, at all times material hereto, was a citizen of Illinois.  Plaintiff Gianino purchased Emergen-C from a Walgreen's store located in Illinois.

14. Plaintiff Arnold Lee is an individual consumer who, at all times material hereto, was a citizen of Massachusetts.  Plaintiff Lee purchased several boxes of Emergen-C from a Trader Joe's store located at 1317 Beacon Street, in Brookline, Massachusetts.

15. Plaintiff Lori Risman is an individual consumer who, at all times material hereto, was a citizen of New Hampshire.  Plaintiff Risman purchased Emergen-C from a Hannaford Supermarket located at 6 Hampton Drive, in Londonderry, New Hampshire.

16. Each Plaintiff relied on Defendant's false, misleading and deceptive written misrepresentations that taking Emergen-C would "boost" his or her immune system, decrease the incidence of or length of an illness, improve his or her metabolic function, and result in increased energy. Had Plaintiffs known the truth that the statements they relied on were false, misleading, deceptive, and unfair, they would have not purchased Emergen-C.

### **Defendants**

17. Defendant Alacer is a California corporation with its principal place of business in Foothill Ranch, California. According to its website, Alacer produces and sells more than 400 million packets of Emergen-C annually, and since Alacer's initiation of a national radio and television advertising campaign sales of Emergen-C increased 33% from May 2007 through April 2008.

18. At this time Plaintiffs are unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and Plaintiffs will seek leave to amend this Complaint when said names and capacities have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the DOE Defendants is in some manner responsible or liable for the acts, activities and damages alleged herein.

19. Plaintiffs are informed and believe and thereon allege that at all times herein relevant, each of the Defendants was the agent, servant, representative and employee of the remaining Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment and with the ratification and authorization of their respective principals.

### **COMMON FACTUAL ALLEGATIONS**

20. Alacer's Emergen-C product is marketed as a "health drink" that contains 1,000mg of Vitamin C, nearly seventeen times the recommended daily allowance of Vitamin C by the Food and Drug Administration, as well as a concoction of an additional seventeen miscellaneous vitamins and minerals. Emergen-C is available in 19 varieties

5
CLASS ACTION COMPLAINT

of drink mix, nutritional supplements, tablets and four ready-to-drink beverages. The product is sold in a variety of outlets, including Walgreens, Wal-Mart, Sav-on/Osco, Kroger/Ralphs, Albertsons, Vons, Smith's Food & Drug, Safeway, Trader Joe's, Fred Meyer, Fry's, CVS, GNC, Wild Oats, Whole Foods, The Vitamin Shoppe, and other health food, grocery, and drug stores.

21. Emergen-C's packaging and advertising represents that Emergen-C will benefit consumers' health in a variety of ways. The packaging and advertisements for all Emergen-C products uniformly represent that using Emergen-C will boost immunity, increase metabolic function, and "ignite" the user's energy level.

22. For example, the following is a transcript of an advertisement for Emergen-C played on the radio:

> [Announcer] Does Emergen-C, the fizzy, energizing, immune boosting, Vitamin C drink mix really make you feel good? Adam, from Seattle, writes "Dear Emergen-C, I hate you. Why? Because now I see that you were a nefarious conspiracy to stop me from using up all my sick days. Can't walk around all full of bouncy bounce one day and then not show up the next. . . . Clearly you are in cahoots with my manager." Okay Adam. Glad it's working for you. Emergen-C, Feel the good.

23. A similar advertisement for Emergen-C, transcribed below, played on television:

> [Announcer] What's in Emergen-C to boost your health and energy? 1000 mg. of immune strengthening Vitamin C plus naturally energizing B Vitamins. Emergen-C, feel the good.

24. In addition, the packaging and advertising for Alacer's Emergen-C Immune Defense Formula makes the additional misrepresentations that using this version of Emergen-C will (i) "[a]ctivate the white blood cells that are most important in antibody production and in coordinating immune functions; (ii) "fight[] free radicals and help[]

6
CLASS ACTION COMPLAINT

maintain healthy white blood cell activity;" and (iii) "stimulate" and "enhance" the immune system.

25. On Defendant's website www.emergenc.com (Accessed 10/8/2009) the Defendant advertises its Emergen-C Immune Defense Product the following way:

> When your immune system needs a boost try this extra power packed Emergen-C drink mix. It starts with 1,000 mg of Vitamin C and key B Vitamins, then adds a full day supply of Zinc, Vitamins A and D, Selenium, Hibiscus extract and Elderberry concentrate. All in a soothing blend of natural fruit and honey flavors you mix with water. We've even heard that some like it hot. Since when was pumping up your immune health such a pleasure?

The Defendant further represents:

> "With this enhanced formulation, along with the *Emergen-C Immune Defense* name, we wanted to create an *Emergen-C* product specifically designed for placement within the fast growing immune support segment of the cold and flu section of the grocery store," (www.emergenc.com/press/emergen-c-to-the-d-fense/) (Last accessed 3/10/2009)).

26. In fact, however, there is no evidence to suggest that using Emergen-C has any impact on a person's immune system, let alone "boosts" the immune system. Nor is there any evidence that Emergen-C increases metabolic functions and a user's energy level. Alacer has no scientific or other legitimate basis for making any of these claims. All such representations by Alacer are thus unfair, unjust, false, misleading, and deceptive

## **CLASS ALLEGATIONS**

27. This action has been brought, and may be properly maintained, under Fed. R. Civ. P. 23(a)(1)-(4) & (b)(3).

28. Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated initially defined as follows:

> All persons who from October 28, 2005 to present purchased Emergen-C.

Excluded from the above Class are Defendant; any entity in which the Defendant has a controlling interest; any of Defendant's officers, directors, or employees; the legal representatives, heirs, successors, and assigns of Defendant; and, any entity that purchased Emergen-C for resale.

29. **Numerosity**—Fed. R. Civ. P. 23(a) (1): The members of the Class are so numerous and widely dispersed that joinder of them in one action is impractical. On information and belief, thousands of individuals throughout the United States have purchased Emergen-C.

30. **Existence and Predominance of Common Questions of Law and Fact**—Fed. R. Civ. P. 23(a)(2); 23(b)(3): Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether Alacer misrepresented and/or failed to disclose material facts concerning Emergen-C;

    b. Whether Alacer's conduct was unfair and/or deceptive;

    c. Whether Alacer has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint, such that it would be inequitable for Defendant to retain the benefits conferred upon them by the Plaintiffs and the proposed Class;

    d. Whether Defendant advertised Emergen-C

|     |     |
| --- | --- |
|     | products with the intent not to sell them as advertised in violation of Civil Code § 1770(a)(7); |
| e.  | Whether Defendant represented on packaging for Emergen-C products that those products had characteristics, ingredients, uses, or benefits that they do not have, in violation of Civil Code §1770(a)(5). |
| f.  | Whether Defendant is subject to liability for violating California's Consumers Legal Remedies Act, Civ. Code §§ 1750-1784; |
| g.  | Whether Defendant has violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200-17209; |
| h.  | Whether Defendant has violated California's False Advertising Law, Bus. & Prof. Code §§ 17500-17536; |
| i.  | Whether the Class is entitled to an award of restitution pursuant to California Bus. & Prof. Code § 17203. |
| j.  | Whether Plaintiffs and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages. |

31.   **Typicality**—Fed. R. Civ. P. 23(a)(3): Plaintiffs' claims are typical of the claims of the Class. The claims of the Plaintiffs and members of the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

9
CLASS ACTION COMPLAINT

32. **Adequacy of Representation**—Fed. R. Civ. P. 23(a)(4): Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of Class members they seek to represent. Plaintiffs have retained competent and experienced class action counsel who intend to vigorously prosecute this action. The Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

33. **Superiority**—A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the Class members is impracticable. The amount at stake for each consumer is such that individual litigation would be inefficient and cost prohibitive. Additionally, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

34. **Notice -** Plaintiffs and their counsel anticipate that notice to the proposed class will be effectuated by publication in major newspapers.

## CAUSES OF ACTION

### COUNT I
**Unfair and Deceptive Acts and Practices
In Violation of the Consumers Legal Remedies Act
(Injunctive Relief Only)**

35. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

36. This cause of action is brought pursuant to the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"). This cause of action does not seek monetary damages at this point, but is limited solely to injunctive relief. Plaintiffs will amend this Class Action Complaint to seek damages in accordance with the CLRA after providing Defendants with notice pursuant to Cal. Civ. Code § 1782.

37. Plaintiffs and members of the class are "consumers," as the term is defined by Civil Code § 1761(d) because they bought Emergen-C products for personal, family, or household purposes.

38. Plaintiffs, members of the class, and Defendant have engaged in "transactions", as that term is defined by Civil Code §1761(e).

39. The conduct alleged in this complaint constitutes unfair methods of competition, and unfair and deceptive acts and practices for the purpose of the CLRA, and were undertaken by Defendant in transactions intended to result in, and which resulted in, the sale of goods to consumers.

40. As alleged more fully above and as demonstrated in Exhibits A through C attached hereto, Defendant has violated the CLRA by falsely representing to Plaintiffs and the Class that Emergen-C products (a) "boost" a user's immune system; (b) provide "immune system support"; (c) provide "immune defense" and prevent a user from becoming sick; (d) "[a]ctivate the white blood cells that are most important in antibody production and in coordinating immune functions; (e) "fight[] free radicals and help[] maintain healthy white blood cell activity;" (f) "stimulate" and "enhance" the immune system; (g) increase metabolic function; and (g) "boost" a user's energy level.

41. As a result of engaging in such conduct, Defendant has violated Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

42. Pursuant to Civil Code §§ 1780(a)(2), and (a)(5) Plaintiffs seek an order of this Court that includes, but is not limited to, an order requiring Defendant

(a) to remove language on the Emergen-C box representing Emergen-C "boosts" a persons immune system;

(b) to remove language on the Emergen-C box representing Emergen-C "supports the immune system";

(c) to remove the language "Immune Defense" from the Emergen-C product box;

(d) to remove language on the Emergen-C box representing Emergen-C (i) "[a]ctivate the white blood cells that are most important in antibody production and in coordinating immune functions"; (ii) "fight[] free radicals and help[] maintain healthy white blood cell activity;" and (iii "stimulates" and "enhances" the immune system;

(e) to remove language on the Emergen-C box representing Emergen-C increases metabolic function;

(f) to remove language on the Emergen-C box representing Emergen-C "ignites" a user's energy level; and

(g) to comply with all applicable requirements of the Sherman Law including, but not limited to:

    1. misbranding any food or drug, Health and Safety Code §§ 10398 & 111445,

    2. manufacturing, selling, delivering, holding, or offering for sale and food or drug that is misbranded, id. §§ 10398 & 111440, or

    3. receiving in commerce any food or drug that is misbranded or delivering or proffering it for delivery, id. §§ 110770 & 111450).

43. Plaintiffs and members of the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

44. The unfair and deceptive acts and practices of Alacer, as described above, present a serious threat to Plaintiffs and members of the Class.

## COUNT II
### Violations of the False Advertising Law

45. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

46.     As alleged above, and as demonstrated in Exhibits A through C attached hereto, Defendant has falsely advertised Emergen-C products by falsely claiming that Emergen-C products can and do boost the immune system, can and do support the immune system, and can and do provide immune system defense.  In addition, Defendant falsely represents that Emergen-C increases metabolic function and "ignites" the user's energy level.

47.     Plaintiffs and the members of the proposed Class have suffered injury in fact and have lost money or property as a result of Defendant's violations of the FAL.

48.     Pursuant to the Business and Professions Code §§ 17203 and 17535, Plaintiffs and the Class seek and order of this Court that includes,  but is not limited to, an order requiring Defendant

(a)     to remove language on the Emergen-C box representing Emergen-C "boosts" a persons immune system;

(b)     to remove language on the Emergen-C box representing Emergen-C "supports the immune system";

(c)     to remove the language "Immune Defense" from the Emergen-C product box;

(d)     to remove language on the Emergen-C box representing Emergen-C (i) "[a]ctivate the white blood cells that are most important in antibody production and in coordinating immune functions; (ii) "fight[] free radicals and help[] maintain healthy white blood cell activity;" and (iii) "stimulates" and "enhances" the immune system;

(e)     to remove language on the Emergen-C box representing Emergen-C increases metabolic function;

(f)     to remove language on the Emergen-C box representing Emergen-C "ignites" a user's energy level;

(h)     to comply with all applicable requirements of the Sherman Law including, but not limited to:

      1. misbranding any food or drug, Health and Safety Code §§ 10398 & 111445,

      2. manufacturing, selling, delivering, holding, or offering for sale and food or drug that is misbranded, id. §§ 10398 & 111440, or

      3. receiving in commerce any food or drug that is misbranded or delivering or proffering it for delivery, id. §§ 110770 & 111450);

(g)   to provide restitution to the Plaintiffs and members of the proposed Class;

(h)   to compel Defendant to disgorge all revenues obtained as a result of its violations of the FAL; and

(i)   to compel Defendant to pay Plaintiffs' and the Class's attorney fees and costs.

## COUNT III
### Violation of the Unfair Competition Law

49. Plaintiffs incorporate by reference and reallege all paragraphs alleged herein.

50. By committing the acts and practices alleged herein, Defendant has engaged in deceptive, unfair and unlawful business practices in violation of California's Unfair Competition Law as to the class as a whole.

51. Defendant has violated the UCL by engaging in unlawful, fraudulent and unfair conduct.

52. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of (i) its violations of the CLRA, Civil Code §§ 1770(a)(5), (a)(7) and (a)(9), as alleged above; and (ii) its violations of the FAL, Bus. & Prof. Code §§ 17500-17536, as alleged above.

53. In addition, Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the Sherman Law, Health & Saf. Code

§ 109875 *et seq.*, which forbids (1) misbranding of any food or drug, *id.* §§ 10398 & 111445; and (2) manufacturing, selling, delivering, holding, or offering for sale any food or drug that is misbranded, or delivering or proffering it for delivery, *id.* §§110770 & 111450.

54. The Sherman Law provides that a product is misbranded "if its labeling is false or misleading in any particular." *Id.* at § 110660. In determining whether the labeling or advertisement of a food, drug, device, or cosmetic is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account. The extent that the labeling or advertising fails to reveal facts concerning the food, drug, device, or cosmetic or consequences of customary use of the food, drug, device, or cosmetic shall also be considered. *Id.* § 110290.

55. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

56. As more fully described above, Defendant's misleading marketing, advertising, packaging and labeling of Emergen-C is likely to deceive reasonable consumers. Indeed, Plaintiffs and the other members of the Class were unquestionably deceived regarding the health benefits of Emergen-C, as Defendant's marketing, advertising, packaging and labeling of Emergen-C misrepresent and/or omit the true facts concerning the benefits of Emergen-C. Said acts are fraudulent business practices.

57. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

58. Plaintiffs and the other members of the Class who purchased Emergen-C suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant's unlawful, fraudulent and unfair marketing, advertising, packaging and labeling or by paying an excessive premium price for the unlawfully, fraudulently and unfairly marketed, advertised, packaged and labeled Emergen-C.

1      59.    There is no benefit to consumers or competition from deceptively marketing
2 and labeling dietary supplements. Indeed, the harm to consumers and competition is
3 substantial.
4      60.    Plaintiffs and the other members of the Class who purchased Emergen-C had
5 no way of reasonably knowing that the Emergen-C they purchased was not as marketed,
6 advertised, packaged and labeled. Thus, they could not have reasonably avoided the
7 injury each of them suffered.
8      61.    The gravity of the consequences of Defendant's conduct as described above
9 outweighs any justification, motive or reason therefore, particularly considering the
10 available legal alternatives which exist in the marketplace, and is immoral, unethical,
11 unscrupulous, offends established public policy or is substantially injurious to Plaintiffs
12 and the other members of the Class.
13     62.    Defendant's violations of the UCL continue to this day.
14     63.    Pursuant to Business & Professional Code § 17203, Plaintiffs and the Class
15 seek an order of this Court that includes, but is not limited to, an order requiring
16 Defendant

17     (a)    to remove language on the Emergen-C box representing Emergen-C
18            "boosts" a persons immune system;
19     (b)    to remove language on the Emergen-C box representing Emergen-C
20            "supports the immune system";
21     (c)    to remove the language "Immune Defense" from the Emergen-C product
22            box;
23     (d)    to remove language on the Emergen-C box representing Emergen-C (i)
24            "[a]ctivate the white blood cells that are most important in antibody
25            production and in coordinating immune functions; (ii) "fight[] free
26            radicals and help[] maintain healthy white blood cell activity;" and (iii
27            "stimulates" and "enhances" the immune system;
28