ANDREW E. PARIS (SBN 162562)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
drew.paris@alston.com

JANE F. THORPE (*pro hac vice*)
SCOTT A. ELDER (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
jane.thorpe@alston.com
scott.elder@alston.com

Attorneys for Defendant
**ALACER CORPORATION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. GIANINO, ARNOLD LEE, and LORI RISMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALACER CORPORATION and DOES 1 through 15,<br><br>Defendants. | CASE NO.: SACV09-01247 CJC (RNBx)<br><br>Discovery Matter<br><br>**DECLARATION OF ANDREW E. PARIS IN SUPPORT OF DEFENDANT ALACER'S MOTION TO COMPEL INTERROGATORY RESPONSES**<br><br>Magistrate Judge: Robert N. Block<br>Date: November 15, 2011<br>Time: 9:30 a.m.<br>Courtroom: 6D<br><br>Discovery Cut-Off: March 23, 2012<br>PreTrial Conference: August 6, 2012<br>Jury Trial: August 21, 2012 |

**DECLARATION OF ANDREW E. PARIS**

I, Andrew E. Paris, declare under penalty of perjury that the following is true and correct:

1. I am an attorney duly licensed to practice law before this Court. I am a partner with the law firm of Alston & Bird LLP, counsel of record for Defendant Alacer Corporation ("Alacer") in this matter. I have personal knowledge of the matter stated herein, and if called upon to do so, I could and would competently testify hereto.

2. Attached as **Exhibit A** is a copy of Plaintiffs' First Amended Complaint, dated May 5, 2010.

3. Attached as **Exhibit B** are true and correct copies of: (a) the initial Scheduling Order, dated October 29, 2010; (b) the Order Granting Joint Stipulation To Extend Class Certification Briefing And All Other Scheduled Dates, dated March 24, 2011; (c) the Order Re Joint Stipulation To Extend Class Certification Briefing and All Other Scheduled Dates, dated May 12, 2011; and (d) the Order Granting Joint Stipulation To Extend Class Certification Briefing And All Other Scheduled Dates And Increasing Page Limit On Plaintiffs' Opening Brief In Support Of Class Certification And Defendant's Opposition To Plaintiffs' Motion For Class Certification, dated September 12, 2011.

4. On May 25, 2011, Alacer served its First Set of Interrogatories on Plaintiffs Nicholas Gianino, Lori Risman, and Arnold Lee (collectively, "Plaintiffs"). True and correct copies of Alacer's First Set of Interrogatories to Plaintiffs Gianino, Risman, and Lee are attached hereto as **Exhibits C, D, and E**, respectively.

5. On July 15, 2011, Plaintiffs served their initial responses to Alacer's First Set of Interrogatories. True and correct copies of Plaintiffs' initial responses to Alacer's First Set of Interrogatories are attached hereto as **Exhibits F, G, and H**, respectively.

6. On July 22, 2011, Alacer sent Plaintiffs a detailed letter setting forth the

legal bases for why Plaintiffs' objections to the 17 Interrogatories (identified in the Joint Stipulation filed concurrently herewith) were improper and requested that Plaintiffs supplement their responses to these Interrogatories by July 29, 2011.  A true and correct copy of Alacer's July 22, 2011 discovery deficiency letter is attached hereto as **Exhibit I**.

7. Plaintiffs did not respond for several weeks and only after Alacer made several follow-up attempts, Plaintiffs agreed to amend their responses to the Interrogatories.  On August 4, 2011, Plaintiffs sent Alacer a letter, stating that Plaintiffs "anticipate serving you with amended Interrogatory Responses soon."  A true and correct copy of Plaintiffs' August 4, 2011 letter is attached hereto as **Exhibit J**.

8. The next day, on August 5, 2011, Alacer responded to Plaintiffs' letter, stating that Plaintiffs' failure to provide a service date for their amended responses was unacceptable and requested that Plaintiffs provide "full and complete responses by the close of business August 12, 2011."  A true and correct copy of Alacer's August, 5, 2011 letter is attached hereto as **Exhibit K**.  Plaintiffs did not respond to Alacer's August 5, 2011 letter.

9. On August 16, 2011, Alacer again requested Plaintiffs' amended responses to the Interrogatories.  On August 18, 2011, Plaintiffs responded, via e-mail, that Plaintiffs "intend to get you amended interrogatory responses within the next few weeks.  I cannot do sooner given the late summer schedules."  On August 22, 2011, Alacer responded, via email, indicating that Plaintiffs' response was inadequate because Plaintiffs "did not provide a date certain when [Plaintiffs] will provide responses."  On August 23, 2011, Plaintiffs replied that "with respect to [Plaintiffs] providing you amendment to plaintiffs' interrogatories, while we do not believe amendment is necessary, we will provide you with amendment.  As far as a date certain, I will provide you with the amended interrogatories by September 9, 2011."  A true and correct copy of the Parties' e-mail exchange beginning August 16, 2011 is

attached hereto as **Exhibit L**.

10. On September 9, 2011, Plaintiffs Risman and Lee served sets of amended interrogatory responses to Alacer, but made no amendments to the responses of the Interrogatories-at-issue. Beyond minor and artificial amendments to unchallenged interrogatory responses, Plaintiffs Risman and Lee's amended responses for the 17 Interrogatories at-issue are a word for word reproduction of their initial interrogatory responses, setting forth precisely the same objections provided in Plaintiffs' initial responses. True and correct copies of Plaintiff Risman and Lee's Amended Responses to Alacer's First Set of Interrogatories are attached hereto as **Exhibits M and N**, respectively. Plaintiff Gianino did not serve amended responses, at all.

11. On September 14, 2011, Alacer sent Plaintiffs another detailed letter, explain why Plaintiffs' objections to the 17 Interrogatories-at-issue are meritless and demanded amended responses, yet again. A true and correct copy of Alacer's September 14, 2011 discovery deficiency letter is attached hereto as **Exhibit O**. Plaintiffs refused to comply.

12. On September 22, 2011, the parties met and conferred telephonically, however, Plaintiffs continued to refuse to amend their responses.

13. Alacer's initial wave of production took place in January 2011 and included the bulk of the scientific support amassed by the company, approximately 9,000 pages of citations, studies and other support, as well as packaging and advertising documents. Alacer produced additional science-related documents in early 2011. In April 2011, Alacer produced some 115,000 pages of email documents.

///
///
///
///
///
///

1  Alacer did a small follow-up production of some 3,400 pages in August and
2  September 2011.
3      I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.

6      Executed on October 13, 2011 at Los Angeles, California.

8                             /s/ Andrew E. Paris
9                             ANDREW E. PARIS