Michael R. Reese (State Bar No. 206773)
mreese@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272

Deborah Clark-Weintraub
dweintraub@wdklaw.com
**WHATLEY DRAKE & KALLAS, LLC**
380 Madison Avenue, 23rd Floor
New York, New York 10017
Telephone:  (212) 447-7070

Paul M. Weiss
paul@freedweiss.com
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
Telephone:  (312) 220-0000

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS GIANINO,  ARNOLD LEE and LORI RISMAN on behalf of themselves, and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALACER CORPORATION, <br><br> Defendant. | CASE NO.  09-cv-01247 CJC (RNB) <br><br> Hon. Cormac J. Carney <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> Date:  February 13, 2012 <br> Time: 1:30 p.m. <br> Courtroom:  9B <br><br> First Amended Complaint filed:  May 5, 2010 |

REDACTED VERSION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... iii

INTRODUCTION ............................................................................1

STATEMENT OF FACTS ................................................................5

ARGUMENT....................................................................................7

  A.  THIS ACTION IS IDEALLY SUITED FOR CLASS CERTIFICATION ....7

  B.  THE REQUIREMENTS OF FEDERAL CIVIL PROCEDURE RULE 23 ...8

  C.  THE PROPOSED CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23(a) .............................................................................9

    1. The Proposed Class Is Sufficiently Numerous...........................................9

    2. This Litigation Concerns Common Questions Of Law and Fact..............10

    3. Plaintiffs' Claims Are Typical of the Claims of the Class ......................11

    4. The Proposed Class Representatives Will Fairly and Adequately Protect Class Interests ................................................................13

      a.  The Representative Plaintiffs Have No Conflicts Of Interest With Other Class Members ................................................13

      b. The Representative Plaintiffs Will Vigorously Prosecute The Action ..........................................................14

      c.  The Representative Plaintiffs are Represented by Qualified and Competent Counsel..................................................14

  D.  THE REQUIREMENTS OF FED. R. CIV. P. 23(B) ARE SATISFIED .....15

    1.  Common Questions of Law or Fact Predominate ...................................15

      a. An Inference Of Reliance Is Available For Plaintiff's CLRA And Common Law Fraud Claims .......................................18

    2.  A Class Action Is Superior ................................................................21

    3. Class Members Have No Interest In Pursing Individual Litigation..........21

    4.  There are No Other Pending Actions....................................................21

    5.  There Are No Manageability Issues ....................................................21

E.   A NATIONWIDE CLASS APPLYING CALIFORNIA LAW SHOULD BE CERTIFIED...................................................................................22

CONCLUSION ...........................................................................................27

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ballard v. Equifax Check Servs., Inc.*,
   186 F.R.D. 589 (E.D. Cal. 1999) ...........................................................7

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ................................................................15

*Carnegie v. Household Int'l, Inc.*,
   376 F.3d 656 (7th Cir. 2004) ................................................................21

*Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010) .......22

*In re Cornerstone Propane Partners, L.P. Sec. Litig.*,
   C 03-2522 MHP, 2006 U.S. Dist. LEXIS 25819  (N.D. Cal. May 3, 2006)  ........8

*Delarosa v. Boiron, Inc.*, 10-cv-1569 JST,
2011 U.S. Dist. LEXIS 106248 (C.D. Cal. Aug. 24, 2011)  ...............................2, 3

*Doe v. Los Angeles Unified Sch. District*,
   48 F. Supp. 2d 1233 (C.D. Cal. 1999)....................................................10

*Eisen v. Carlisle & Jacquelin*,
   417 U.S., 156 (U.S. 1974)  ..................................................................2, 8

*General Telegraph Co. v. Falcon*,
   457 U.S. 147 (1982) ...........................................................................13

*Haley v. Medtronic, Inc.*,
   169 F.R.D. 643 (C.D. Cal. 1996) ..................................................8, 10, 11

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ....................................................7, 10, 11, 21

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ...............................................................11

*Harris v. Palm Springs Alpine Estates, Inc.*,
   329 F.2d 909 (9th Cir. 1964) ..............................................................8, 9

*In re Heritage Bond Litig.*,
   MDL Case No. 02-ML-1475 DT,
   2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004) ...................................9

*Hunt v. Check Recovery Sys., Inc.*,
   241 F.R.D. 505 (N.D. Cal. 2007).............................................................8

*Johnson v. General Mills, Inc.*, 275 F.R.D. 282 (C.D. Cal. 2011)  .... 2, 3, 17, 18, 19

*Jordan v. County of Los Angeles*,
   669 F.2d 1311 (9th Cir. 1982) ...........................................................9, 11

*Keilholtz v. Lennox Hearth Products, Inc.*, 268 F.R.D. 330 (N.D. Cal. 2010)  22, 23

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507, 512 (9th Cir. 1978) ....................................................13

*Mathias v. Smoking Everywhere, Inc.*, 09-cv-3434 GEB,
2011 U.S. Dist LEXIS 121687 (E.D. Cal. Oct. 20, 2011) ...................................4, 5

*Mazza v. Am. Honda Motor Co.*, case no. 07-cv-7857 VBF,
  2008 U.S. Dist. LEXIS 102429 (C.D. Cal. Dec. 16, 2008) ............... 2, 10, 11, 18

*Moeller v. Taco Bell Corp.*,
  220 F.R.D. 604 (N.D. Cal. 2004).........................................................14

*Parkinson v. Hyundai Motor America*, 258 F.R.D. 580 (C.D. Cal. 2008) .22, 23, 24

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965 (1985) ..............26

*Riveria v. Bio-Engineered Supplements and Nutrition, Inc.*,
  07-cv-1306, 2008 U.S. Dist. LEXIS 9509 (C.D. Cal. Nov. 13, 2008) ..............20

*In re Seagate Techs. Sec. Litig.*,
  115 F.R.D. 264 (N.D. Cal. 1987).......................................................17

*Slaven v. BP America, Inc.*,
  190 F.R.D. 649, 655 (C.D. Cal. 2000) ...........................................10

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..........................................................13

*Stearns v. Ticketmaster Corp.*, no. 08-56065,
2011 U.S. App. LEXIS 17454 (9th Cir. Aug. 22. 2011) ...................................16, 17

*Tchoboian v. Parking Concepts, Inc.*
  No. 09-cv-422 JVS, 2009 U.S. Dist. LEXIS 92122 (C.D. Cal. July 16, 2009)  8, 9

*In re THQ, Inc. Sec. Litig.*,
  No. CV 00-1783, 2002 U.S. Dist. LEXIS 7753 (C.D. Cal. Mar. 22, 2002) ........10

*In re Visa Check /MasterMoney Antitrust Litig.*,280 F.3d 124 (2d Cir. 2001) .15, 21

*Williams v. Gerber Products Co.*,
  523 F.3d 934, 938 (9th Cir. 2008) ...................................................17

*Wolph v. Acer America Corp.*, 272 F.R.D. 477 (N.D. Cal. 2011) .........................22

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

*Ziesel v. Diamond Foods, Inc.*, 10-cv-1192 JSW,
2011 U.S. Dist. LEXIS 60608 (N.D. Cal. June 7, 2011) ........................................2

**STATE CASES**

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*,
24 Cal. 4th 800 (2001).........................................................................................16

*Clothesrigger, Inc. v. GTE Corporation et al.*,
191 Cal. App. 3d 605 (Cal. Ct. App. 1987) ............................................24, 25, 26

*Diamond Multimedia Systems, Inc. v. the Superior Court of Santa Clara County*,
19 Cal. 4th 1036 (1999) .....................................................................................25, 26

*Fletcher v. Sec. Pac. Nat'l Bank*,
23 Cal. 3d 442 (1979).........................................................................................17

*Linder v. Thrifty Oil Co.*,
23 Cal. 4th 429 (2000).......................................................................................7, 8

*Mass. Mutual Life Ins. Co. v. Super. Ct.*,
97 Cal. App. 4th 1282 (Ct. App. 2002) ...............................................................18

*People ex. rel. Bill Lockyer v. Fremont Life Ins. Co.*,
104 Cal. App. 4th 508 (Ct. App. 2002) ...............................................................17

*State of California v. Levi Strauss & Co.*,
41 Cal. 3d 460 (1986).........................................................................................7

*In re Tobacco II Cases*,
51 Cal. Rptr. 3d 707 (2006) ......................................................................7, 16, 17

*Vasquez v. Super. Ct.*,
4 Cal. 3d 800 (1971)...........................................................................................17

*Wershba v. Apple Computer, Inc.*,
91 Cal. App. 4th 224, (2001) .......................................................................23, 26

**OTHER**

Fed. R. Civ. P. 23...........................................................................................*passim*

Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 7.20 (4th ed. 2002) 8,13

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18ᵀᴴ FLOOR NEW YORK, NEW YORK 10001

Plaintiffs Nicholas Gianino, Arnold Lee and Lori Risman ("Plaintiffs") respectfully submit the following memorandum of points and authorities in support of their motion to: (a) certify a nationwide class under California law of all individuals who purchased an over-the-counter product sold under the brand name Emergen-C ("Emergen-C" or "Product") from October 28, 2005 to the present (the "Class Period") (the "Class") ; (b) appoint Plaintiffs Nicholas Gianino, Arnold Lee and Lori Risman as the Class Representatives; and (c) appoint Reese Richman LLP, Whatley Drake & Kallas LLC and Freed Weiss LLC as Class Counsel.

## INTRODUCTION

Plaintiffs seek to certify a class of purchasers of Alacer Corporation's Emergen-C product, which is the modern day equivalent of snake oil.

Consumers spend millions of dollars a year on medications to improve their immune systems in an effort to combat such illnesses as the common cold and flu. Defendant Alacer Corporation ("Defendant" or "Alacer") has capitalized on consumers' desire for a cold and flu remedy by selling them an over-the-counter product that Defendant misrepresents can aide one's immune system. *See* Declaration of Michael R. Reese ("Reese Decl."), Exhibit ("Ex.") A. Indeed,



Defendant makes this immunity promise on the very packaging of Emergen-C itself and is the reason that Plaintiffs and other consumers paid money for the Product in the first place. Reese Decl., Ex. C.

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18ᵀᴴ FLOOR NEW YORK, NEW YORK 10001

1   However, as evidenced from Defendant's own documents, Defendant's claim

2   that Emergen-C will benefit your immune system is a lie.  For example, Alacer's



18   Reese Decl. Ex. F.  In other words, Defendant knew that its representation made to

19   consumers was a complete fabrication.

22   Defendant continues to sell and tout a product that promises to benefit the human

23   immune system.

24   Despite these compelling and damning facts, in making its class action

25   determination, the Court should not conduct a preliminary inquiry into the merits of

26   Plaintiffs' suit.  As the United States Supreme Court held in *Eisen v. Carlisle &*

27   *Jacquelin*, 417 U.S., 156, 178 (U.S. 1974), there is "nothing in either the language or

28   history of Rule 23 that gives a court any authority to conduct a preliminary inquiry

into the merits of a suit in order to determine whether it may be maintained as a class action." *See also Mazza v. American Honda Motor Co.*, 254 F.R.D. 610, 616 (C.D. Cal. 2008) (certifying class and holding that "Plaintiff needs not, however, show that it is likely to prevail on the merit of their claims at the class certification stage").

Plaintiffs have clearly met their burden here for class certification.   The



This evidence will be the same for all class members and will prove their claims through this common proof.

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18ᵀᴴ FLOOR NEW YORK, NEW YORK 10001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

Reese Decl., Ex. G (transcript from September 26, 2011 deposition of Ronald Fugate) ("Fugate Tr.") at 42:25-43:13; *see also* Reese Decl., Ex. H (Kay Tr.) at 132:8-10; 139:9-11



Reese Decl. Ex. G (Fugate Tr.) at 11:21-13:19; Ex. I (transcript from October 5, 2011 deposition of Alacer's Vice President Bruce Sweyd ("Sweyd Tr.") at 40:10-41:8. Plaintiffs have established all the elements of Rule 23 certification and their motion should be granted.

Indeed, in similar actions involving products that misrepresented their health benefits, Courts have repeatedly certified classes. *See e.g. Johnson v. General Mills, Inc.*, 275 F.R.D. 282 (C.D. Cal. April 20, 2011) (Carney, J.) ("*General Mills*") (certifying claim under California law challenging claims of purported digestive health benefits of Yoplait yogurt); *Delarosa v. Boiron, Inc.*, 10-cv-1569 JST, 2011 U.S. Dist. LEXIS 106248, *39 (C.D. Cal. Aug. 24, 2011) (certifying class in action regarding alleged misrepresentation made regarding over-the-counter cold and flu product); *see also Zeisel v. Diamond Foods, Inc.,* 2011 U.S. Dist. LEXIS 60608 (N.D. Cal. June 7, 2011) (certifying class of purchasers Diamond brand shelled walnuts challenging representations that eating the walnuts "can help you get the proper balance of fatty acids your body needs for promoting and maintaining heart health"); *Mathias v. Smoking Everywhere, Inc.*, 09-cv-03434 GEB, 2011 U.S. Dist.

LEXIS 121687, *9 (E.D. Cal. Oct. 20, 2011) (certifying class under California law challenging purported health claims concerning electronic cigarettes). The facts presented here are no different than those in *General Mills* and *Boiron* (and the other cases cited above) and, as in those cases, the proposed class should also be certified.



Three of these affected persons – Mr. Nicholas Gianino; Mr. Arnold Lee; and Ms. Lori Risman - have come forward to represent the class and stop Defendant's deceitful practice. They have chosen counsel experienced in prosecuting consumer fraud of this nature. Accordingly, because all the requirements of Rule 23 have been met, a class should be certified here.

### **STATEMENT OF FACTS**

During the Class Period, a product called Emergen-C quickly became one of the most popular brands of cold remedies sold in the United States. *Id.*

*Id.*

During the Class Period, the packaging of Emergen-C represented that it could benefit one's immune system. Reese Decl., Ex. C (Defendant's Responses to Plaintiffs' First Set of Interrogatories).

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001



PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

# ARGUMENT

## A.      THIS ACTION IS IDEALLY SUITED FOR CERTIFICATION

The importance of the role that class actions have played in the enforcement of consumer protection laws cannot be overstated.  As the California Supreme Court has recently stated: "consumer class actions and representative UCL actions serve important roles in the enforcement of consumers' rights…These actions supplement the efforts of law enforcement and regulatory agencies. This court has repeatedly recognized the importance of these private enforcement efforts."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312-13 (2009);  *see also Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 600 (E.D. Cal. 1999) ("Class action certifications to enforce compliance with consumer protection laws are 'desirable and should be encouraged'"); *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 434 (2000) ("Courts long have acknowledged the importance of class actions as a means to prevent a failure of justice in our judicial system"); *State of California v. Levi Strauss & Co.*, 41 Cal. 3d 460, 471 (1986) ("the consumer class action is an essential tool for the protection of consumers against exploitative business practices").

Furthermore, class actions offer "several salutary by-products, including a therapeutic effect upon those sellers who indulge in fraudulent practices, aid to legitimate business enterprises by curtailing illegitimate competition, and avoidance to the judicial process of the burden of multiple litigation involving identical claims." *Linder*, 23 Cal. 4th at 445 (citation omitted).

Class actions are particularly appropriate in instances where, like here, individual damages are small.  *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998) (holding that class certification by the district court was appropriate because litigation costs would dwarf potential recovery by members of the class if forced to pursue individual actions); *Linder*, 23 Cal. 4th at 435 ("[b]y establishing a technique whereby the claims of many individuals can be resolved at

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress") (citation omitted).

The decision regarding whether to certify a class is committed to the discretion of the district court. *Tchoboian v. Parking Concepts, Inc.* No. 09-cv-422 JVS, 2009 U.S. Dist. LEXIS 92122, *5 (C.D. Cal. July 16, 2009) (granting class certification). Any doubt as to the propriety of certification should be resolved in favor of certifying the class because denying class certification will almost certainly terminate the action and be detrimental to class members. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964).

### B.   THE REQUIREMENTS OF RULE 23

Rule 23 establishes the requirements for class certification. A proposed class must satisfy the requirements of Rule 23(a) and at least one of the three subdivisions of Rule 23(b). *Tchoboian*, 2009 U.S. Dist. LEXIS 62122 at **4-5. Although plaintiff bears the burden of satisfying Rule 23, the requirements of Rule 23 "should be liberally construed." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996); *see also* Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 7.20 (4th ed. 2002).

Furthermore, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 509 (N.D. Cal. 2007), quoting *Eisen*, 417 U.S. at 178*; see also In re Cornerstone Propane Partners, L.P. Sec. Litig.*, C 03-2522 MHP, 2006 U.S. Dist. LEXIS 25819, *3 (N.D. Cal. May 3, 2006) ("in adjudicating a motion for class certification, the court accepts the allegations in the plaintiff's complaint as true so long as those allegations are sufficiently specific to permit an informed assessment as to whether the requirements of Rule 23 have been satisfied…the merits of the class members' substantive claims are generally irrelevant to this inquiry") (internal citation omitted); *In re Heritage Bond Litig.*,

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

MDL Case No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, *8 (C.D. Cal. July 12, 2004) ("Because of the early and thus necessarily speculative stage at which the certification hearing is held, an extensive evidentiary showing is not required. Rather, all that is required is enough for the court to form a 'reasonable judgment' on each requirement").

Here, Plaintiffs have presented more than sufficient facts for the Court to make an "informed assessment" and "reasonable judgment" that class certification is appropriate.

## C.   THE PROPOSED CLASS MEETS THE REQUIREMENTS OF RULE 23(a)

The Rule 23(a) requirements are satisfied when: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Tchoboian*, 2009 U.S. Dist. LEXIS 62122 at **4-5 quoting Fed. R. Civ. P. 23(a).

### 1.   The Proposed Class Is Sufficiently Numerous

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is "impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable" does not mean impossible, only that it would be difficult or inconvenient to join all members of the class. *See Harris*, 329 F.2d at 913-14. "Where a class is large in numbers, joinder will usually be impracticable." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated* on other grounds, 459 U.S. 810 (1982). The exact size of the class need not be known as long as general knowledge and common sense indicate that the class is sufficiently numerous. *Id.*

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

1    Given the large number of Class members, the requirement that joinder be
2    impractical is satisfied.  Plaintiff does not expect Defendant to contest numerosity.

3    **2.    This Litigation Concerns Common Questions Of Law and Fact**

4    Like all the requirements of Rule 23(a), the commonality requirement is to be
5    construed permissively.   "All questions of fact and law need not be common to
6    satisfy the rule.   The existence of shared legal issues with divergent factual
7    predicates is sufficient, as is a common core of salient facts coupled with disparate
8    legal remedies within the class."  *Hanlon*, 150 F.3d at 1019-1020; *see also Mazza*,
9    254 F.R.D. at 618 ("It is important to note that this provision does not require that all
10   the questions of law and fact raised by the dispute be common"); *Doe v. Los Angeles*
11   *Unified Sch. Dist.*, 48 F.Supp. 2d 1233, 1242 (C.D. Cal. 1999) ("In short, when
12   addressing commonality of class members proposed under Rule 23(b)(2), a court
13   may employ a liberal definition of commonality").

14   "Indeed, for the commonality requirement to be met, there must only be a
15   single issue common to the proposed class." *Slaven v. BP America, Inc.*, 190 F.R.D.
16   649, 655 (C.D. Cal. 2000); *see also Haley*, 169 F.R.D. at 648 (commonality
17   requirement satisfied if the claims of the prospective class have even a single issue
18   common to the proposed class); *In re THQ, Inc. Sec. Litig.*, No. CV 00-1783, 2002
19   U.S. Dist. LEXIS 7753, *10 (C.D. Cal. Mar. 22, 2002) (same). This case raises
20   numerous common questions of law and fact, including:

21                    -    Whether Defendant labeled, marketed, advertised and/or
22                         sold Emergen-C to Plaintiffs, and those similarly situated,
23                         using a false, misleading and/or deceptive statement or
24                         representation;
25                    -    Whether Defendant omitted and/or misrepresented material
26                         facts in connection with the sale of Emergen-C;
27                    -    Whether Defendant participated in and pursued the
28                         common course of conduct complained of herein;

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

- Whether Defendant's labeling, marketing, advertising and/or selling of Emergen-C constitutes an unfair or fraudulent consumer sales practice; and

- The scope of injunctive relief that should be imposed against Defendant to prevent such conduct in the future.

Here, the commonality requirement is easily satisfied as Defendant misrepresented throughout the Class Period that Emergen-C can benefit one's immune system and otherwise is beneficial to one's health. *See* Reese Decl., Ex. C (Defendant's Responses to Plaintiffs' Interrogatories); *see also* Reese Decl., Ex. G (Fugate Tr.) at 42:25-43:13 ███████████████████████████████████████ █████████████████████; Reese Decl., Ex. H (Kay Tr.) at 132:8-10; 139:9-11 ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ Accordingly, the commonality requirement of Rule 23 is readily satisfied here.

### 3.    Plaintiffs' Claims Are Typical of the Claims of the Class

The purpose of the "typicality" requirement of Fed. R. Civ. P. 23(a)(3) is to ensure that the named representative's interests "align" with those of the class. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. *See also Mazza*, 254 F.R.D. at 618. The class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Hanlon*, 150 F.3d at 1020. Thus, typicality is satisfied as long as the named plaintiff's claims stem from the "same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory." *Jordan*, 669 F.2d at 1321.

Here, Plaintiff Nicholas Gianino purchased Emergen-C in the Fall of 2008 from a Walgreens store, believing the Product to provide a benefit to his immune

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

- 11 -

system.    Reese Decl. Ex. K (Plaintiff Gianino's Responses to Defendant's Interrogatories).   Plaintiffs Arnold Lee and Lori Risman purchased Emergen-C in the same situation for the same reason.    Reese Decl., Ex. L (Plaintiff Lee's Responses to Defendant's Interrogatories); Reese Decl. Ex. M (Plaintiff Risman's Responses to Defendant's Interrogatories). Indeed, Mr. Lee's testimony could not be clearer, and is typical of all the Plaintiffs:

> Q.   Do you recall the month when you first used Emergen-C?
>
> A.   I believe it was anywhere from September to November.
>
> Q.   Do you recall why it was that you wanted to purchase Emergen-C –
>
> A.   Yes.
>
> Q.   - - at that time?
>
> A.   Yes.
>
> Q.   What was the purpose?
>
> A.   Winter was coming.   I didn't want to get sick and Emergen-C claimed to boost immunity was the impression I received.
>
> Q.   What was that impression based upon?
>
> A.   The writing on the box. . . .
>
> Q.   Mr. Lee, what did the writing say?
>
> A.   The writing said, I believe, it boosts immunity or immune boosting.   I'm not sure as to the exact language, but that is the impression I received.

Reese Decl. Ex. N (transcript of March 19, 2011 deposition of Arnold Lee) at 139:12-140:15. [1]

---

[1] *See also* Reese Decl. Ex. O (transcript of March 19, 2011 deposition of Nicholas Gianino) at 191:14-21 ("I bought the product because I believed that it was not going to allow me to get sick because it was going to boost my immune system."); Reese Decl. Ex. P (transcript of March 19, 2011 deposition of Lori Risman) at 36:6- 12 ("Q: When you first saw the words "immunity boost or "boost immunity" on the packaging

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

The claims of all Class members arise out of the same pattern of deceptive conduct. These facts satisfy the typicality requirement.

### 4. The Proposed Class Representatives Will Fairly and Adequately Protect Class Interests

Fed. R. Civ. P. 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class." The Ninth Circuit has established a two-prong test for this requirement: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

### a. The Representative Plaintiffs Have No Conflicts Of Interest With Other Class Members

The requirement that there be no conflict of interest only requires similarity, not identity, of interests, and it precludes only adverse interests. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Because adequacy is closely related to typicality, where, as here, the claims of the class members and the class representative are reasonably co-extensive, there is no conflict. *General Tel. Co. v. Falcon*, 457 U.S. 147, 157-8, fn. 13 (1982). Moreover, if there are any doubts as to the adequacy of representation or potential conflicts, they should be resolved in favor of upholding the class, subject to later possible reconsideration. *Newberg on Class Actions* §7.24 at 7-80 to 7-81 (3d ed. 1992).

Here, there are no real or anticipated conflicts between Plaintiffs and the proposed members of the Class. Plaintiffs seek to recover the same damages as all other Class members.

of Emergen-C, what did you think those words meant? A: I believed it meant that it would prevent you from getting sick").

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

### b.     The Representative Plaintiffs Will Vigorously Prosecute This Action

The proposed class representatives have demonstrated their desire and ability to monitor class counsel and assure vigorous prosecution of the case.  Plaintiffs have reviewed the complaints, provided information pursuant to the requirements of Fed. R. Civ. P. 26(a)(1), taken time off from work and traveled to sit for their depositions; responded to Interrogatories and Requests for Admissions served by Defendant on Plaintiffs; and, have communicated with counsel throughout this litigation.  Reese Decl. ¶ 3.  Plaintiffs also are committed to see this case through to trial and take time to attend the trial.  *Id.*  Accordingly, the proposed class representatives are more than adequate.   *See, e.g., Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004) ("It is not necessary that a representative be intimately familiar with every factual and legal issue in the case; rather, it is enough that the representative understand the gravamen of the claim").

### c.     The Representative Plaintiffs are Represented by Qualified and Competent Counsel

When a court certifies a class, the court must also appoint class counsel unless a specific statute provides otherwise.  Fed. R. Civ. P. 23(g)(1)(A).  The basic requirement for appointment as class counsel is that such counsel must fairly and adequately represent the interests of the class.  *See* Fed. R. Civ. P. 23(g)(1)(B).  In appointing class counsel, the court considers "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class…."  Fed. R. Civ. P. 23(g)(1)(c)(i).

The proposed class representatives have retained experienced, competent legal counsel to represent them and the Class.  *See* Reese Decl., Ex. Q (firm resume of Reese Richman LLP); Ex. R (firm resume of Whatley Drake & Kallas, LLC); Ex. S

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK  10001

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

(firm resume of Freed & Weiss LLC).  To date, these firms have vigorously litigated this matter, including, but not limited to, drafting the initial and amended complaints, opposing Defendant's motions to dismiss, propounding discovery requests, reviewing over 100,000 pages of documents and taking and defending depositions.  Moreover, Reese Richman LLP, Whatley Drake & Kallas, LLC and Freed & Weiss LLC have been appointed class counsel together in similar actions involving over-the-counter products that have misrepresented their health benefits.  Reese Decl. ¶ 4.

Based on their performance to date, their commitment to this litigation, and their experience in similar litigation, Reese Richman LLP, Whatley Drake & Kallas, LLC and Freed & Weiss LLC will continue to fairly and adequately represent the Class.

### D.   THE REQUIREMENTS OF FED. R. CIV. P. 23(B) ARE SATISFIED

In addition to meeting the prerequisites of Rule 23(a), the present action also satisfies the requirements of Rule 23(b)(3) for all of plaintiffs' claims because common questions of law or fact predominate over any purported individual questions, and a class action is the superior method for the fair and efficient adjudication of this controversy.

#### 1.   Common Questions of Law or Fact Predominate

Questions that are common to the class predominate over individual questions where a plaintiff alleges a common course of conduct of misrepresentations, omissions, or other wrongdoing that affected all the class members in the same or similar manner. *Blackie v. Barrack*, 524 F.2d 891, 905-908 (9th Cir. 1975).  "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Visa Check /MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001).  This criteria is normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. *Id.*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

Here, each and every unit of Emergen-C at issue misrepresented that it could benefit a human's immune system. Reese Decl. Exs. C, L, M, N, O, and P. And, the proposed class representatives relied upon this representation in deciding to purchase the Product. Reese Decl. Ex. C. This question - whether the representation regarding Emergen-C is false, misleading or deceptive - is common to all class members.

The Supreme Court of California recently has ruled that, with respect to the fraud prong of California's UCL, the type of evidence developed here of the class representative's reliance on the misleading statement is enough for class certification. *In re Tobacco II Cases*, 46 Cal. 4th at 306 (reversing lower court's decertification of class).[2]

Specifically, the Supreme Court of California held that "*only the class representative* proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements…Those same principles, however, do not require the class representative to plead or prove an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements when the unfair practice is a fraudulent advertising campaign." *In re Tobacco II Cases,* 46 Cal. 4th 298, 306 (2009)*; see also Stearns v. Ticketmaster Corp.*, No. 08-56065, 2011 U.S. App. LEXIS 17454, at *15 (9th Cir. Aug. 22, 2011) ("[O]ur law keys on the representative party, not all of the class members, and has done so for many years").

---

[2]  Aside from its fraud prong, the UCL has never had a reliance or causation requirement, but is instead held to a reasonable consumer standard. *Id.* at 326, fn. 17("We emphasize that our discussion of causation in this case is limited to such cases where, as here, a UCL action is based on a fraud theory involving false advertising and misrepresentations to consumers. The UCL defines "unfair competition" as "includ[ing] any unlawful, unfair or fraudulent business act or practice …There are doubtless many types of unfair business practices in which the concept of reliance, as discussed here, has no application"). *See also Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 827 (2001) (to state a claim under the UCL, "[o]ne need not plead and prove the elements of a tort; instead, one need only show that members of the public are likely to be deceived").

And as explained recently by this Court in certifying a class challenging deceptive health claims on the packaging of yogurt: "[a]lthough Proposition 64 requires that [plaintiff] actually relied on General Mills' alleged misrepresentations to bring his UCL claim, that requirement does not apply to absent class members." *General Mills*, 275 F.R.D. at 287 (citing *Tobacco II*).

The Supreme Court of California has iterated that only the class representative, and not other class members, need show reliance. In other words, no such showing was necessary for the other, absent class members. *Id.* at 320. Instead, the absent class members claims are subject to the "reasonable consumer standard" whereby the test is whether the statement at issue "has a capacity, likelihood or tendency to deceive or confuse the public." *Williams v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008). This "reasonable consumer test" is, by definition, common to all absent class members.

Therefore, the defendant's conduct is the main focus of an UCL assessment and if the conduct violates the UCL, the "fruits" of that misconduct must be returned to consumers, even if they did not know they were victims of the misconduct. *See, e.g., Fletcher v. Sec. Pac. Nat'l Bank*, 23 Cal. 3d 442, 448 (1979). A defendant who violates the UCL areis not required to provide restitution because absentee class members were, in fact, individually deceived. *People ex. rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 532 (Ct. App. 2002) ("We note that the rule that restitution under the UCL may be ordered without individualized proof of harm is well settled"). Rather, restitution is used as a deterrent to keep the marketplace honest and trustworthy. *Id.* Thus, the issue has always been whether the defendant violated the UCL, and if it did, to then restore fairness to the marketplace by requiring the defendant to return the money it gained from engaging in the deceptive practice. *Id.; see also Stearns*, 2011 U.S. App. LEXIS 17454, at *15 n.13 ("One might even say that, in effect, California has created what amounts

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

to a conclusive presumption that when a defendant puts out tainted bait and a person sees it and bites, the defendant has caused an injury; restitution is the remedy.").

### a.   An Inference Of Reliance Is Available For Plaintiffs' CLRA, FAL and Common Law Fraud Claims

An inference of common reliance is permitted to support the certification of a class pursuing CLRA, FAL and common law claims of deceit.  *See, e.g., Mass. Mut. Life Ins. Co. v. Super. Ct.*, 97 Cal. App. 4th 1282 (Ct. App. 2002).  As this Court recently held in certifying a class in a similar type of action:  "a CLRA claim can be litigated on a classwide basis when the record permits an 'inference of common reliance' to the class.  *General Mills*, 275 F.R.D.  at 287.

In *Massachusetts Mutual*, the court rejected the defendant's argument that the causation required by the CLRA and similar claims imposed an individualized reliance requirement that made the plaintiffs' claims unsuitable for class treatment.  *Id.* at 1292.  Rather the court held that:

> Causation as to each class member is commonly proved more likely than not by materiality.  That showing will undoubtedly be conclusive as to most of the class.  The fact a defendant may be able to defeat the showing of causation as to a few individual class members does not transform the common question into a multitude of individual ones; plaintiffs satisfy their burden of showing causation as to each by showing materiality as to all.  Thus, it is sufficient for our purposes to hold that if the trial court finds material misrepresentations were made to the class members, at least an inference of reliance would arise as to the entire class.

*Id.*; *see also Mazza*, 254 F.R.D. at 625 (certifying nationwide class and holding *Massachusetts Mutual* allows "the Court to conclude[] that Plaintiffs are entitled to an inference of reliance as to this claim").

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

This Court's recent decision in *General Mills* certifying a class is also directly on point. *General Mills*, 275 F.R.D. at 287. In *General Mills*, the plaintiff had alleged that the defendant had made misrepresentations regarding the health benefits of its yogurt products sold under the brand name Yoplait. *Id.* at 285. The defendant contested the plaintiff's motion for class certification, arguing that individualized issues defeated class certification. This Court rejected the defendant's argument, holding that:

> A CLRA claim can be litigated on a classwide basis when the "record permits an 'inference of common reliance' to the class." A representation is material "if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." And materiality is generally a question of fact for the jury.
>
> Accordingly, [plaintiff's] UCL and CLRA claims present core issues of law and fact that are common and suitable for adjudication on a classwide basis. These issues include: (1) whether General Mills communicated a representation—through YoPlus packaging and other marketing, including television and print advertisements—that YoPlus promoted digestive health; (2) if so, whether that representation was material to individuals purchasing YoPlus; (3) if the representation was material, whether it was truthful; in other words, whether YoPlus does confer a digestive health benefit that ordinary yogurt does not; and (4) if reasonable California consumers who purchased YoPlus were deceived by a material misrepresentation as to YoPlus' digestive health benefit, what is the proper method for calculating their damages. The commonality requirement is also met here.

*Id.* at 287 (internal citations and quotations omitted).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

Reese Decl., Ex. C.  Thus, Defendant's misrepresentation was clearly material.  In fact, it was the very reason the class representatives and others bought the Product in the first place.  Reese Decl., Ex. K (Plaintiff Gianino's Responses to Defendant's Interrogatories); Reese Decl., Ex. O (Gianino Tr.) at 191:14-21 ("I bought the product because I believed that it was not going to allow me to get sick because it was going to boost my immune system."); Reese Decl., Ex. L (Plaintiff Lee's Responses to Defendant's Interrogatories); Reese Decl., Ex. N (Lee Tr.) at 139:12-140:15 ("Winter was coming.  I didn't want to get sick and Emergen-C claimed to boost immunity was the impression I received.") Reese Decl., Ex. O (Plaintiff Risman's Responses to Defendant's Interrogatories); Reese Decl., Ex. P (Risman Tr.) at 36:6- 12 ("Q: When you first saw the words "immunity boost or "boost immunity" on the packaging of Emergen-C, what did you think those words meant? A: I believed it meant that it would prevent you from getting sick").  Thus, causation for the CLRA and FAL claims can be proven on a class-wide basis.

Finally, reliance can also be presumed for claims asserting common-law fraud.  *See, e.g., Riveria v. Bio-Engineered Supplements and Nutrition, Inc.*, 07-cv-1306, 2008 U.S. Dist. LEXIS 95093, *29 (C.D. Cal. Nov. 13, 2008) (holding that a finding that "representations were in fact made" would permit "an inference of justifiable reliance by each class member"); *In re Seagate Techs. Sec. Litig.,* 115 F.R.D. 264, 271 (N.D. Cal. 1987) (certifying common law fraud claims); *Vasquez v. Super. Ct.,* 4 Cal. 3d 800, 814 (1971) (recognizing that where material misrepresentations are made to class members, an inference of reliance arises as to the entire class and holding that "[t]he rule in this state and elsewhere is that it is not necessary to show reliance upon false representations by direct evidence").

### 2.      A Class Action Is Superior

Rule 23(b)(3) enumerates the following factors for the court to consider in its superiority analysis: (A) the interest of members of the class in individually controlling the prosecution ... of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by ... members of the class; (C) the desirability ... of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).

### 3.      Class Members Have No Interest In Pursing Individual Litigation

The first factor to be considered is the interest of each class member in "individually controlling the prosecution or defense of separate actions."  Fed. R. Civ. P. 23(b)(3)(A).  Here, such interest is minimal.  While the aggregate damages of the class members may be large, each class member paid only a few dollars for their purchase of Emergen-C.  Because the costs of litigation would swamp any amount that he or she could recover, no individual class member would be motivated to pursue individual litigation.  *See Hanlon*, 150 F.3d at 1023.

### 4.      There Are No Other Pending Actions

The second factor to be considered, "the extent and nature of any litigation concerning the controversy already commenced," also supports proceeding with certification in this action.  There are no other pending actions.

### 5.      There Are No Manageability Issues

There is no reason to believe that the prosecution of the claims of the putative Class members in a single class action will create more management problems than the alternative (*i.e.*, the prosecution of hundreds or thousands of separate lawsuits by each class member).  Given the number and importance of the common questions described above, the adjudication of class claims would not be significantly more burdensome than if the matter were prosecuted individually.  Moreover, it is well

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

accepted that "a class action has to be unwieldy indeed before it can be pronounced an inferior alternative . . . to no litigation at all." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004); *see also In re Visa Check*, 280 F.3d at 140 (The mere possibility of complexity or unmanageability does not defeat a class action).

### E.    A Nationwide Class Applying California Law Should be Certified

Due to the significant contacts California has to the claims asserted by the putative Class and the fact that California's governmental interests would be most impaired if its law were not applied, this Court should apply California law to the nationwide class.

As a threshold requirement, the Court must determine that applying California law would not violate due process because California has "a significant contact or significant aggregation of contacts" to the claims asserted by the class such that application of its law is "not arbitrary or unfair." *Keilholtz v. Lennox Hearth Products, Inc.*, 268 F.R.D. 330, 339 (N.D. Cal. 2010).

Here, the due process requirements of applying California law to a nationwide class are easily met because Emergen-C is manufactured by Alacer, a corporation incorporated under the laws of California and headquartered in California.   In addition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Reese Decl., Exs G, I.  Based on similar facts, numerous courts have concluded that California law may be applied to a nationwide class.  *See, e.g., Keilholtz*, 268 F.R.D. 330; *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580 (C.D. Cal. 2008); *Wolph v. Acer America Corp.*, 272 F.R.D. 477 (N.D. Cal. 2011); and *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010).

Since the Plaintiffs have identified significant contacts to California such that the due process requirements have been met, the Defendant then bears the

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

*substantial burden* to show that the laws of another state apply. *See Parkinson*, 258 F.R.D. at 589 (emphasis added).   In determining which state's substantive law applies, this Court must apply the choice of law rules of California. *See Wolph*, 272 F.R.D. at 485.  California has adopted a three-step "governmental interest" analysis, which requires that: (1) Defendant "identify the applicable rule of law in each potentially concerned state and [] show it materially differs from the law of California; (2) if *material* differences are found by the Court, then "the Court determines whether each of the states has an interest in having its law applied to the case"; and (3) if another state has such an interest that an "actual conflict" exists, the Court "must select the law of the state whose interests would be more impaired if its law were not applied." *Parkinson*, 258 F.R.D. at 597 (citations and quotations omitted, emphasis added).

Given that California law may be constitutionally applied to the claims of the nationwide class, it is unlikely that Defendant will be able to meet its substantial burden to demonstrate material conflicts, and not mere differences, between the law of California and the law of any of the other states as required in step one of the governmental interest analysis.  "As the Ninth Circuit has observed, state consumer protection laws are relatively homogeneous: 'the idiosyncratic differences between state consumer protection laws are not sufficiently substantive to predominate over the shared claims". *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 244, 110 Cal. Rptr. 2d 145, 161 (2001).   Thus, Defendant must do more than attach an appendix setting forth differences between California consumer protection laws and the consumer protection laws of other states; Alacer must demonstrate material conflicts.  For example, in *Keilholtz*, plaintiffs brought claims under the UCL, CLRA, and for unjust enrichment involving the sale of glass-front gas-burning fireplaces. The "Defendants argue[d] that the consumer protection statutes of the non-forum states are different from those of California and they attach[ed] an appendix which catalogues state-by-state variations involving reliance, scienter, damages and other

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK  10001

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

elements necessary to Plaintiffs' claims." *Id.* at 341. The court found that the defendants had not met their burden of showing material differences between the various states' laws. *See also Parkinson*, 258 F.R.D. at 598 (finding no conflict exists in regard to plaintiffs' claims under the CLRA and UCL despite defendant's appendix cataloging state-by-state variations involving privity, notice, reliance, scienter, damages and other elements necessary to plaintiffs' claims).

Even if Alacer could show an actual conflict of laws, it is undisputed that California's interests would be most impaired if its law was not applied as set forth in step three of the governmental interest analysis. While every state has an interest in protecting its citizens from unlawful conduct, only California has that same interest and the additional interest in regulating a domestic corporation like Alacer, which is incorporated in California and has its principal place of business in California.



and the predominance of contacts in California, California law clearly should apply to the claims of the nationwide class.

The case of *Clothesrigger, Inc. v. GTE Corporation et al.*, 191 Cal. App. 3d 605 (Cal. Ct. App. 1987), further illustrates the appropriateness of applying California law to a nationwide class. In *Clothesrigger*, non-California residents asserted claims under California's consumer protection statutes against various telephone service providers, including GTE Corporation, a non-California company headquartered in

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18ᵀᴴ FLOOR NEW YORK, NEW YORK 10001

Stamford, Connecticut and incorporated under the laws of New York at the time. *See* Reese Decl., Ex. T (GTE Corporation 10-K from 1984 stating it is headquartered in Stamford, Connecticut and incorporated under the laws of New York).  Defendant GTE Corporation and its co-defendants opposed application of California's consumer protection statutes to non-California consumers whose purchases occurred outside the state of California.  *Id.* at 607.

The court in *Clothesrigger* court rejected defendants' argument, and reversed the denial of certification of a nationwide class by the lower court.  Applying California's choice of law analysis, the appellate court held that because the misconduct at issue was predicated upon misrepresentations formulated within California that then emanated nationwide, California's consumer protection laws could be applied against a non-California company by non-California residents whose transaction occurred outside the state of California.  *Id.* at 608.  Notably, based on the fact that: (1) the defendants did business within the state of California; (2) a significant number of potential class members were Californians; and, (3) agents of the defendants who prepared the false advertising were located within California, the court held that there existed "a sufficient aggregation of contacts…to permit applying California law to the claims of nonresidents."  *Id.*

The facts presented here are no different from those in *Clothesrigger*.  Namely, Defendant does business within the state of California and the departments and personnel responsible for creating the misleading packaging are headquartered within California.   And, it is uncontested that a significant number of potential class members reside within California.   Accordingly, there constitute "a sufficient aggregation of contacts…to permit applying California law to the claims of non-residents" in this action.  *Clothesrigger*, 191 Cal. App. 3d at 608.

The decision and logic in *Clothesrigger* has since been adopted both by the California Supreme Court and federal courts in applying California' consumer protection statutes to non-residents.  For example, in *Diamond Multimedia Systems,*

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR NEW YORK, NEW YORK 10001

*Inc. v. the Superior Court of Santa Clara County*, 19 Cal. 4th 1036 (1999), the California Supreme Court rejected the defendant's argument that California's securities fraud laws were unavailable to non-California residents who purchased their securities beyond the borders of California. *Diamond Multimedia*, 19 Cal. 4th at 1047. ("Diamond Multimedia's argument is that…the remedy is available only if the plaintiff purchased or sold stock in California."). Relying on *Clothesrigger*, the California Supreme Court rejected the defendant's argument and instead held that California's law was applicable to non-residents whose purchases occurred outside of California if the misconduct at issue (market manipulation) was predicated on misrepresentations formulated within and disseminated from California. *Id.*

Likewise, federal courts confronted with applying the scope of California's state consumer protection laws have relied upon *Clothesrigger* to hold that California's consumer protection laws are applicable to non-California residents. *See e.g. Mazza*, 254 F.R.D. at 620 (relying on *Clothesrigger* to apply California consumer protection laws to non-residents when certifying a nationwide class action explaining that "California's consumer protection statutes are among the strongest in the country, and that so long as the alleged anti-consumer behavior "emanated" from California, California's more favorable laws 'may properly apply to benefit of nonresident plaintiffs when their home states have no identifiable interest in denying such persons full recovery.'") quoting *Clothesrigger*, 191 Cal. App. 3d at 612-16; *see also Wershba* 110 Cal. Rptr. 2d at 159 (quoting *Clothesrigger* to hold that California consumer protection laws can be applied to non-California residents). This only makes sense given that "[t]he application of a forum state's laws [in this case, California] where the defendant has a "significant contact or significant aggregation of contracts to the claims asserted by each member of the plaintiff class…" *Mazza*, 254 F.R.D. at 620 citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965 (1985).

Accordingly, a nationwide class should be certified here under California law.

- 26 -

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for class certification, appoint Plaintiffs Nicholas Gianino, Arnold Lee and Lori Risman as the Class Representatives; and, appoint Reese Richman LLP, Whatley Drake & Kallas, LLC and Freed & Weiss LLC as Class Counsel.

DATED: November 8, 2011                Respectfully submitted,

**REESE RICHMAN LLP**

By:*/s/ Michael R. Reese*
  Michael R. Reese (Cal. State Bar No. 206773)
mreese@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

- and -

Deborah Clark-Weintraub
dweintraub@wdklaw.com
**WHATLEY DRAKE & KALLAS, LLC**
380 Madison Avenue, 23rd Floor
New York, New York  10017
Telephone:  (212) 447-7070
Facsimile:   (212) 447-7077

**FREED & WEISS LLC**
Paul M. Weiss
Jeff Leon
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

*Proposed Co-Lead Counsel*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

**BECKER, PAULSON, HOERNER
  & THOMPSON, P.C.**
Kevin T. Hoerner
5111 West Main Street
Belleville, Illinois 62226

**D'ANGELO & HASHEM, LLC**
Jay M. Wolman
60 State Street, Suite 700
Boston, Massachusetts 02109

**THE KREISLER LAW FIRM, LLC**
Brian T. Kreisler
P.O. Box 1353
O'Fallon, Illinois 62269
Telephone:  (618) 381-5116
Facsimile:  (618) 632-5095

*Additional Plaintiffs' Counsel*

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18ᵀᴴ FLOOR NEW YORK, NEW YORK 10001

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused a true and correct copy of a redacted and unredacted copy of the foregoing to be served upon counsel of record for defendant Alacer Corporation via email on the 8th day of November 2011.

*/s/ Michael R. Reese*
Michael R. Reese

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION