# EXHIBIT 16

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ALABAMA** | "The elements of a claim of intentional misrepresentation under Alabama law are (1) a misrepresentation about a material fact, (2) made willfully to deceive or recklessly without knowledge, (3) justifiably relied upon by the plaintiff under the circumstances, and (4) which caused damages by proximate result." *McGregor v. Landmark Chevrolet*, Inc., 596 So. 2d 909, 911 (Ala. 1992). | "The elements of a claim of negligent misrepresentation are: (1) a misrepresentation (2) concerning a material fact (3) justifiably relied on by the plaintiff (4) and loss or damages proximately caused by such misrepresentation." *Shields v. Wash. Nat'l Ins. Co.*, 375 F. Supp. 2d 1346, 1350 (M.D. Ala. 2005). | "Fraud actions are governed by two-year statute of limitations under Alabama law." *Jarzen v. Wright*, 679 So.2d 1086, 1088 (Ala. Civ. App. 1996); Ala. Code § 6-2-38. | "A plaintiff must prove that he or she reasonably relied on the defendant's misrepresentation in order to recover damages for fraud." *AmerUs Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1207 (Ala. 2008) "Alabama law is clear that reasonable reliance is an essential element of a negligent misrepresentation claim, just as it is for a fraud or reckless misrepresentation claim." *Hardy v. Jim Walter Homes, Inc.*, 2008 U.S. Dist. LEXIS 26842 (S.D. Ala. Apr. 1, 2008). | Intentional Misrepresentations have to be made willfully to deceive or recklessly w/o knowledge. *McGregor v. Landmark Chevrolet, Inc.*, 596 So. 2d 909, 911 (Ala. 1992). | "In order for [tort claim] of fraudulent-suppression to go to a jury, [plaintiff] must demonstrate by clear and convincing evidence each of the following elements . . . ." *ITT Specialty Risk Servs., Inc. v. Barr*, 842 So.2d 638 (Ala. 2002). Preponderance for negligent misrepresentation. *Gilchrist Timber Co. v. ITT Rayonier Inc.*, 472 F.3d 1329, 1330 (11th Cir. Fla. 2006. | For negligent fraud only compensatory damages. *Lewis v. First Tuskegee Bank*, 964 So. 2d 36, 42 (Ala. Civ. App. 2007). In fraud actions, recovery is under the benefit of the bargain rule. *Reynolds v. Mitchell*, 529 So. 2d 227, 233 (Ala. 1988). For intentional fraud, upon a finding of intent to deceive or defraud by clear and convincing evidence, punitive damages may be awarded if the conduct was "outrageous." Ala. Code § 6-11-20(a). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ALASKA** | The elements of intentional misrepresentation have been identified as "(1) a misrepresentation of fact or intention, (2) made fraudulently (i.e., with scienter), (3) for the purpose of inducing another to act in reliance, (4) with justifiable reliance by the recipient, (5) causing loss." *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 987 (Alaska 2009). | "The elements of negligent misrepresentation are "(1) the party accused of misrepresentation must have made the statement in the course of his business, profession or employment; (2) the representation must supply "false information"; (3) the plaintiff must show justifiable reliance on the false information; and (4) the accused party must have failed to exercise reasonable care or competence in obtaining or communicating the information." An omission can be a false statement where there is duty to disclose. " *Willard v. Khotol Servs. Corp.*, 171 P.3d 108, 119 (Alaska 2007) | "Claims for fraud and misrepresentations are tort claims, and thus, are subject to two-year statute of limitations." *Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995). | Justifiable reliance must be shows for both. *Willard v. Khotol Servs. Corp.*, 171 P.3d 108, 119 (Alaska 2007); *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 987 (Alaska 2009). | For intentional misrepresentation the misrepresentation must have been made fraudulently with scienter and for the purpose of inducing another to rely. *Anchorage Chrysler Ctr., Inc. v.DaimlerChrysler Motors Corp.*, 221 P.3d 977, 987 (Alaska 2009). | "The plaintiff in a misrepresentation case bears the burden of establishing by a preponderance of the evidence that the misrepresentation was material." *Diblik v. Marcy*, 166 P.3d 23, 28 (Alaska 2007). | Nominal damages not available for international misrepresentation. Punitive damages may be awarded if it is shown by clear and convincing evidence that the defendant's intentional conduct was outrageous. *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 997 (Alaska 2009). "Although not briefed or argued by the parties we note that as to the negligent misrepresentation claim, the Brattens were entitled to be placed in the position they would now be in had they received accurate advice, so long as the damages were reasonable and certain" *Orsini v. Bratten*, 713 P.2d 791, 794 (Alaska 1986). For intentional misrepresentation benefit of the bargain is sued to calculate damages. *Turnbull v. La Rose*, 702 P.2d 1331, 1336 (Alaska 1985). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ARIZONA** | "A claim for fraud requires proof of nine elements by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010). | "The elements of negligent misrepresentation in Arizona are: (1) one who in the course of his business, profession or employment or in any other transaction in which it has a financial interest, (2) supplies false information, (3) for the guidance of others in their business transactions, which, (4) causes pecuniary damage (5) based on the other party's justifiable reliance on the information and (6) fails to exercise reasonable care or competence in communicating the information." *Salgado v. America's Servicing Co.*, 2011 U.S. Dist. LEXIS 99727, 10-11 (D. Ariz. Sept. 6, 2011). | For negligent misrepresentation its two years. Ariz. Rev. Stat. § 12-542. An intentional misrepresentation claim must be brought within three years after the cause of action accrues. Ariz. Rev. Stat. § 12-543. The statutes of limitations for both negligent and intentional misrepresentation begin to run when the plaintiff knew or by reasonable diligence should have known of the misrepresentation. The discovery rule is applicable to claims for intentional misrepresentation and to Ariz. Rev. Stat. § 12-542 claims. *Bank of the West v. Estate of Leo*, 231 F.R.D. 386, 390 (D. Ariz. 2005). | Justifiable reliance necessary for both. *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010); *Salgado v. America's Servicing Co.*, 2011 U.S. Dist. LEXIS 99727, 10-11 (D. Ariz. Sept. 6, 2011). | "A claim for fraud requires proof of: (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010). | "A claim for fraud requires proof of nine elements by clear and convincing evidence . . ." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033 (Ariz. Ct. App. 2010). Preponderance for negligent misrepresentation. *St. Joseph's Hosp. & Medical Ctr. v. Reserve Life Ins.* Co., 154 Ariz. 307, 312 (Ariz. 1987). | Fraud may result in punitive damages. *Jenkins v. Skelton*, 21 Ariz. 663, 192 P. 249 (1920). Damages for fraud are recovered under the benefit of the bargain rule. *Carrel v. Lux*, 101 Ariz. 430, 436 (Ariz. 1966). "The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause …" *Standard Chtd. PLC v. Price Waterhouse*, 190 Ariz. 6, 35 (Ariz. Ct. App. 1996) | |

- 3 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ARKANSAS** | "There are five elements to the tort of fraud, misrepresentation, or deceit: (1) a false representation of material fact; (2) knowledge that the representation is false, or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | Doesn't exist in Arkansas. "We decline to recognize the tort of negligent misrepresentation. Misrepresentation, also commonly referred to as deceit or fraud, has been an intentional tort in Arkansas for well over a century." *South County v. First W. Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994). | "The applicable statute of limitations on fraud and deceit is three years." *Tyson Foods, Inc. v. Davis*, 66 S.W.3d 568, 579 (Ark. 2002). | "There are five elements to the tort of fraud, misrepresentation, or deceit: … (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | "There are five elements to the tort of fraud, misrepresentation, or deceit:… (2) knowledge that the representation is false, or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | "To prove fraud, the plaintiff must establish by a preponderance of the evidence . . . ." *Collins v. St. Vincent Doctors*, 253 S.W.3d 26, 29 (Ark. Ct. App. 2007). | Punitive damages available if "(1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damages and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage." Ark. Code Ann. § 16-55-206 Our application of benefit-of-the-bargain damages in common-law fraud cases has nonetheless been limited to instances where the actual product received by the purchaser manifests that it is different from that which was promised. *Wallis v. Ford Motor Co.*, 362 Ark. 317, 319 (Ark. 2005). | Common law fraud claims which result in no injury are not actionable. *Wallis v. Ford Motor Co.*, 362 Ark. 317, 319 (Ark. 2005). |

- 4 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA** | The elements of an intentional misrepresentation claim are: "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557, 127 Cal. Rptr. 3d 569 (Cal. App. 2d Dist. 2011). | "The elements of negligent misrepresentation are: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage" *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. App. 4th Dist. 2011). | Three years after discovery. Cal. Civ. Proc. Code § 338 (d). | Justifiable reliance necessary for both. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. App. 4th Dist. 2011); *Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557, 127 Cal. Rptr. 3d 569 (Cal. App. 2d Dist. 2011). | Knowledge of the falsity and intent to induce reliance is necessary for intentional misrepresentation. *Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557, 127 Cal. Rptr. 3d 569 (Cal. App. 2d Dist. 2011). Intent to induce reliance necessary for negligent misrepresentation as well. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. App. 4th Dist. 2011). | In California, fraud need be proved by a "preponderance of the evidence" rather than "clear and convincing evidence." *Rosener v. Sears, Roebuck & Co.*, 168 Cal. Rptr. 237, 246 (Cal. Ct. App. 1980). | Damages, whether for deceit or negligent misrepresentation, must be measured by the actual losses suffered because of the misrepresentation. Cal. Civ. Code §§ 1709, 3333. However, "fraud plaintiffs may recover 'out-of-pocket' damages in addition to benefit-of-the bargain damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 992 (Cal. 2004). Punitive damages are recoverable in those fraud actions involving intentional, but not negligent, misrepresentations. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1241 (Cal. 1995). | In order to recover for fraud and negligent misrepresentation, a plaintiff must prove actual monetary loss. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (Cal. 1995). |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| COLORADO | "To sustain a claim for intentional misrepresentation, Plaintiff must demonstrate: (1) Defendant made a fraudulent misrepresentation of material fact; (2) Plaintiff relied on the misrepresentation; (3) Plaintiff had a right to rely on, or was justified in relying on, the misrepresentation; and (4) the reliance resulted in damages."<br><br>*M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994).<br><br>Fraud is -<br>"a false representation of a material existing fact, made with knowledge or utter disregard of its falsity, with the intent to induce another to rely upon the representation and to take detrimental action thereon."<br><br>*Arapahoe County Water & Wastewater Pub. Improvement* Dist. v. HDR Eng'g, Inc., 2009 U.S. Dist. LEXIS 94936 (D. Colo. Sept. 25, 2009). | "To establish a claim for negligent misrepresentation, Plaintiff must demonstrate: (1) Defendant supplied false information to Plaintiff in the course of a business transaction; (2) Defendant failed to exercise reasonable care or competence in obtaining or communicating the false information; and (3) Plaintiff justifiably relied on the false information."<br><br>*Guardian Title Agency, L.L.C. v. Matrix Capital Bank*, 141 F. Supp. 2d 1277, 1283 (D. Colo. 2001). | Three years.<br><br>Col. Rev. Stat. Ann. § 13-80-101. | The element of justifiable reliance is common to both intentional and negligent misrepresentation.<br><br>*Shavo Norgren (India) Private Ltd. v. C.A. Norgren Co.*, 2006 U.S. Dist. LEXIS 54077 (D. Colo. Aug. 3, 2006). | For intentional misrepresentation the deception has to be knowing.<br><br>*People v. Collie*, 995 P.2d 765, 774 (Colo. Ct. App. 1999). | Defendants "failed to carry . . . burden of proving by clear and convincing evidence misrepresentation, nondisclosure and fraud necessary to support counterclaim." *Ficor, Inc. v. McHugh*, 639 P.2d 385, 396 (Colo. 1982).<br><br>Preponderance for negligence.<br><br>*Rossetti Assocs. v. Santa Fe 125 Denver*, LLC, 2011 U.S. Dist. LEXIS 22082 (D. Colo. Mar. 4, 2011). | Punitive Damages Awarded when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a)."<br><br>The damages for fraud are the "benefit of the bargain" while the damages for negligent misrepresentation are "out of pocket expenses."<br><br>*Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 678 (Colo. 1994). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **CONNECTICUT** | "An action for intentional misrepresentation requires proof of four elements: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did act upon that false representation to his injury." *Cox v. Bland*, 2006 U.S. Dist. Lexis 80624, at * 13-14 (D. Conn. Oct. 27, 2006). | "(1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 625, 910 A.2d 209 (2006). | Three years from the date of the act. Conn. Gen. Stat. Ann. § 52-577; *Giulietti v. Giulietti*, 784 A.2d 905, 925 n.19 (Conn. App. Ct. 2001). | "An action for intentional misrepresentation requires proof of four elements... (4) the other party did act upon that false representation to his injury." *Cox v. Bland*, 2006 U.S. Dist. Lexis 80624, at * 13-14 (D. Conn. Oct. 27, 2006). A claim of negligent misrepresentation requires... (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 625, 910 A.2d 209 (2006). | "An action for intentional misrepresentation requires proof of four elements: (2) it was untrue and known to be untrue by the party making it." *Cox v. Bland*, 2006 U.S. Dist. Lexis 80624, at * 13-14 (D. Conn. Oct. 27, 2006). A claim of negligent misrepresentation requires (1) that defendants made a misrepresentation of fact that defendants knew or should have known was false pecuniary harm as a result." *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 625, 910 A.2d 209 (2006) | "[A]t common law, fraud must be proven by clear and convincing evidence." *Stuart v. Stuart*, 297 Conn. 26, 996 A.2d 259, 268 (2010). Negligent misrepresentation must be proved by a preponderance of the evidence. *Cohen v. Roll-A-Cover, LLC*, 2009 Conn. Super. LEXIS 2145 (Conn. Super. Ct. Aug. 6, 2009). | Common law punitive damages available for intentional misrepresentation. *Cohen v. Roll-A-Cover, LLC*, 2009 Conn. Super. LEXIS 2145 (Conn. Super. Ct. Aug. 6, 2009). "The method by which damages are measured in a fraud action depends on whether the plaintiff was a fraudulently induced buyer or seller. If the plaintiff was a buyer, courts apply the benefit of the bargain measure of damages, which is the difference in value between the property actually conveyed and the value of the property as it would have been if there had been no false representation." *Leisure Resort Tech., Inc. v. Trading Cove Assocs.*, 277 Conn. 21, 34 (Conn. 2006). For negligent misrepresentation, damages generally restricted to foreseeable damages. *Capital Mortg. Assocs., LLC v. Hulton*, 2009 Conn. Super. LEXIS 380, 83-84 (Conn. Super. Ct. Feb. 13, 2009). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| DELAWARE | To establish a prima facie case of intentional misrepresentation, the following elements must be proven by a preponderance of the evidence: (1) Deliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) That the defendant acted with scienter; (3) An intent to induce plaintiff's reliance upon the concealment; (4) Causation; and (5) Damages resulting from the concealment. *Apartment Communities Corp. v. American E&S Ins. Brokers*, 1999 U.S. Dist. LEXIS 17262 (D. Del. Oct. 13, 1999). | "The elements for negligent misrepresentation are: (1) a misrepresentation of material fact; (2) that the representor either knew or should have known with knowledge of truth or falsity; (3) the representor intended to induce another to act on the misrepresentation; and (4) resulting injury to a party acting in justifiable reliance on the misrepresentation." *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509 (D. Del. 2010). | Three years from time of act. *Krahmer v. Christie's, Inc.*, 903 A.2d 773 (Del. Ch. 2006). | Justifiable reliance required for intentional misrepresentation. *Apartment Communities Corp. v. American E&S Ins. Brokers*, 1999 U.S. Dist. LEXIS 17262 (D. Del. Oct. 13, 1999). Justifiable reliance is necessary for negligent misrepresentation. *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509 (D. Del. 2010). | Scienter required for intentional misrepresentation. *Apartment Communities Corp. v. American E&S Ins. Brokers*, 1999 U.S. Dist. LEXIS 17262 (D. Del. Oct. 13, 1999). Intent to induce reliance is necessary for both. *Id.* *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509 (D. Del. 2010). | Under Delaware law, standard of proof for fraud is preponderance of the evidence. *In re IBP Shareholders Litig.*, 789 A.2d 14, 54 (Del. Ch. 2001). | "The measure of damages for fraud differs from that for negligent misrepresentation. Pursuant to a fraud claim, the recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including: (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation." Negligent misrepresentation damages are limited to out of pocket/reliance damages. *Envo, Inc. v. Walters*, 2009 Del. Ch. LEXIS 216 (Del. Ch. Dec. 30, 2009). | Under Delaware law, intentional misrepresentation is a sufficient underlying tort to support a claim for civil conspiracy. *Am. Gen. Life Ins. Co. v. Goldstein*, 741 F. Supp. 2d 604, 615 (D. Del. 2010). |

- 8 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **DISTRICT OF COLUMBIA** | "In order to prove fraudulent misrepresentation, [plaintiffs] must prove (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by [plaintiffs] in reliance upon the representation, (6) which consequently resulted in provable damages." <br><br> *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | "(1) "the defendant made a false statement or omission of a fact"; (2) "the statement was in violation of a duty to exercise reasonable care"; (3) "the false statement or omission involved a material issue"; (4) the plaintiff reasonably relied on the false statement or omission to her detriment; and (5) the defendant's challenged conduct caused injury to the plaintiff." <br> *Burlington Ins. Co. v. Okie Dokie*, Inc., 329 F. Supp. 2d 45, 48 (D.D.C. 2004). | "[A]ction [for fraud] must be brought within three years from the time the fraud was discovered or reasonably should have been discovered." <br><br> D.C. Code § 12-301. <br> *Interdonato v. Interdonato*, 521 A.2d 1124, 1136 (D.C. 1987) (internal citations omitted). | For both plaintiffs must have relied on intentional misrepresentations and that must have reasonably relied. <br><br> *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted) <br><br> *Burlington Ins. Co. v. Okie Dokie*, Inc., 329 F. Supp. 2d 45, 48 (D.D.C. 2004). | Intentional misrepresentation must be made with the intent to deceive and with knowledge of the falsity of the statement. <br><br> *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | "The elements must be proved by clear and convincing evidence." <br> *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | A finding of intentional misrepresentation by itself does not support the imposition of punitive damages. <br><br> *Essroc Cement Corp. v. CTI/D.C., Inc.*, 740 F. Supp. 2d 131, 148 (D.D.C. 2010). | Economic damages needed for negligent misrepresentation, no emotional damages available. <br><br> *Osbourne v. Capital City Mortg. Corp.*, 727 A.2d 322, 324 (D.C. 1999). |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **FLORIDA** | "[T]here are four elements of fraudulent misrepresentation:  (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation."  *Butler v.* Yusem, 44 So. 3d 102, 105 (Fla. 2010). Interestingly, "[j]ustifiable reliance is not a necessary element of fraudulent misrepresentation" in Florida.  *Id.* | "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation."  *Nianni, LLC v. Fox*, 2011 U.S. Dist. LEXIS 128593 (M.D. Fla. Nov. 7, 2011). | Actions for fraud, conversion, misrepresentation, and forgery must be commenced "within four years from the date of their accrual."  *Sands v. Blando*, 575 So.2d 1306, 1306 (Fla. Dist. Ct. App. 1991). | For intentional misrepresentation reliance is an element, but it does not necessarily have to be justifiable.  *Butler v.* Yusem, 44 So. 3d 102, 105 (Fla. 2010).  For negligent misrepresentation there has to be justifiable reliance.  *Nianni, LLC v. Fox*, 2011 U.S. Dist. LEXIS 128593 (M.D. Fla. Nov. 7, 2011). | Representer needed to know representation was false for intentional misrepresentation.  *Butler v.* Yusem, 44 So. 3d 102, 105 (Fla. 2010)  Intent to induce reliance is an element of both.  *Id.*  *Nianni, LLC v. Fox*, 2011 U.S. Dist. LEXIS 128593 (M.D. Fla. Nov. 7, 2011). | "When fraud is alleged, proof of it must be of the clearest, strongest, and most convincing character."  *Verneret v. Foreclosure Advisors, LLC*, 45 So.3d 889, 890 (Fla. Dist. Ct. App. 2010).  Preponderance for negligence.  *Gilchrist Timber Co. v. ITT Rayonier Inc.*, 472 F.3d 1329, 1330 (11th Cir. Fla. 2006). | A finding of intentional misrepresentation may be enough to warrant punitive damages.  *Southstar Equity, LLC v. Chau*, 998 So. 2d 625, 632 (Fla. Dist. Ct. App. 2d Dist. 2008)  Florida has developed a "flexibility" theory of damages in cases of fraudulent misrepresentation to assure that an injured party will obtain full compensation for the effect of the fraud. An injured party may recover either the out-of-pocket loss or the benefit of the bargain loss.  *Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. Dist. Ct. App. 4th Dist. 2010). | Plaintiff can only recover one count for damage on "those actions that can be brought on two theories of liability, but where a single basis for damages applies."  *First Interstate Dev. Corp. v. Ablanedo*, 511 So. 2d 536, 538 (Fla. 1987). |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| GEORGIA | "To assert a claim for fraud in Georgia, a plaintiff must show (i) a false representation or omission of a material fact; (ii) scienter; (iii) intention to induce the party claiming fraud to act or refrain from acting; (iv) justifiable reliance; and (v) damages." *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009). | "The elements of negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such person's reasonable reliance on the false information; and (3) economic injury as a proximate result." *Smiley v. S & J Inves., Inc.*, 260 Ga. App. 493, 580 S.E.2d 283, 288 (Ga. App. 2003). | "A suit alleging fraudulent inducement in the purchase of property is an action for injury to property, a claim for which must be brought within four years after the right of action accrues." *City of McCaysville v. Cardinal Robotics, LLC*, 589 S.E.2d 614 (Ga. Ct. App. 2003) (internal citations omitted). For negligent misrepresentation "claims do not accrue until economic injury results from reliance on the misrepresentation." *Facility Constr. Mgmt. v. Ahrens Concrete Floors, Inc.*, 2010 U.S. Dist. LEXIS 29242 (N.D. Ga. Mar. 24, 2010). | Justifiable or reasonable reliance for both. *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009). *Smiley v. S & J Inves.*, Inc., 260 Ga. App. 493, 580 S.E.2d 283, 288 (Ga. App. 2003). | Scienter needed for intentional misrepresentation. *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009) | Tort of fraudulent misrepresentation requires proof of elements by a preponderance of evidence. *Bloodworth v. Bloodworth*, 626 S.E.2d 589 (Ga. Ct. App. 2006) (internal citations omitted). | Punitive damages may be awarded in tort actions where there is clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. If, however, there is evidence of fraud, punitive damages can be awarded, as fraud constitutes tortious conduct. *Trickett v. Advanced Neuromodulation Sys.*, 542 F. Supp. 2d 1338, 1356 (S.D. Ga. 2008) Damages for negligence are limited to "out of pocket expenses" while those for intentional fraud are calculated using a "benefit of the bargain" standard. *BDO Seidman, L.L.P. v. Mindis Acquisition Corp.*, 276 Ga. 311, 312 (Ga. 2003). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **HAWAII** | "(1) false representations were made by Defendants; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of defendants reliance upon the false representations; and (4) defendant did rely upon them. *Haw. Forest & Trial, Ltd. v. Davey*, 2009 U.S. Dist. LEXIS 99070 (D. Haw. Oct. 23, 2009). | "(1) false information was supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information was supplied suffered the loss; and (3) the recipient relied upon the misrepresentation." *Haw. Forest & Trial, Ltd. v. Davey*, 2009 U.S. Dist. LEXIS 99070 (D. Haw. Oct. 23, 2009). | Six years for both. *Eastman v. McGowan*, 946 P.2d 1317 (Haw. 1997); *Au v. Au*, 63 Haw. 210, 217-218 (1981). | Justifiable reliance necessary for both. *Haw. Forest & Trial, Ltd. v. Davey*, 2009 U.S. Dist. LEXIS 99070 (D. Haw. Oct. 23, 2009). | Knowledge, or no knowledge of truth or falsity of statement for intentional. In contemplation of getting the other party to rely for intentional. *Haw. Forest & Trial, Ltd. v. Davey*, 2009 U.S. Dist. LEXIS 99070 (D. Haw. Oct. 23, 2009). | The party claiming fraud must establish the elements of fraud by clear and convincing evidence. *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1067 (Haw. 2000). Preponderance for negligence. *Bank of Hawaii v. Shaw*, 83 Haw. 50, 63 (Haw. Ct. App. 1996). | Punitive Damages for intentional misrepresentation available where "the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations; or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Haw. Forest & Trial, Ltd. v. Davey*, 2009 U.S. Dist. LEXIS 99070, 20-21 (D. Haw. Oct. 23, 2009). In fraud or deceit cases, the measure of pecuniary damages is the 'benefit of the bargain." *Exotics Hawaii-Kona, Inc. v. E. I. du Pont de Nemours & Co.*, 116 Haw. 277, 293 (Haw. 2007); *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309, 322 (Haw. 2002). | |

- 12 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **IDAHO** | "The elements of an action for fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Deutz-Allis Credit Corp. v. Bakie Logging*, 824 P.2d 178, 182 (Idaho Ct. App. 1992). | Not recognized in Idaho. *Gibson v. Credit Suisse AG*, 2011 U.S. Dist. LEXIS 39685 (D. Idaho Feb. 17, 2011). | Three years from discovery. Idaho Code Ann. § 5-218. | Reliance must be justified. *Irwin Rogers Ins. Agency v. Murphy*, 122 Idaho 270, 274 (Idaho Ct. App. 1992). | Knowledge or ignorance of truth is needed, as is intent to induce reliance. *Deutz-Allis Credit Corp. v. Bakie Logging*, 824 P.2d 178, 182 (Idaho Ct. App. 1992). | The burden is on the claimant to prove each element of fraud by clear and convincing evidence. *Kuhn v. Coldwell Banker Landmark, Inc.*, Case 245 P.3d 992, 1002 (Idaho 2010). | Punitive damages available where there is an extreme deviation from a reasonable standard of conduct evidencing a harmful state of mind. *Hardenbrook v. UPS*, 2009 U.S. Dist. LEXIS 99596, 24-25 (D. Idaho Oct. 26, 2009). "The 'out-of-pocket rule' and the 'benefit-of-bargain rule' are not exclusive and should only be used when appropriate under the facts. The underlying principle is that the victim of fraud is entitled to compensation for every wrong, which is the natural and proximate result of the fraud. The measure of damages, which should be adopted under the facts of a case, is the one, which will effect such results." *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217 (Idaho 1996). | No recovery for mental anguish. *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217 (Idaho 1996). |

- 13 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ILLINOIS** | "The elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, are: (1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). | "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance" *Gray v. Abbott Labs., Inc.*, 2011 U.S. Dist. LEXIS 80189 (N.D. Ill. 2011). | Action in fraud and deceit must be commenced within five years after the cause of action accrued. *Fitton v. Barrington Realty Co., Inc.*, 653 N.E.2d 1276 (Ill. App. Ct. 1995). Same for negligent misrepresentation. *Brown v. New York Life Ins. Co.*, No. 06-C3339, 2008 U.S. Dist. LEXIS 2942, at *6 (N.D. Ill. Jan. 15, 2008). | Justifiable reliance and damage needed for both. *Gray v. Abbott Labs., Inc.*, 2011 U.S. Dist. LEXIS 80189 (N.D. Ill. 2011). *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). | Knowledge or belief of falsity and intent to induce reliance needed for intentional misrepresentation. *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). "negligent misrepresentation does not require scienter" *Anderson v. AON Corp.*, 2011 U.S. Dist. LEXIS 111217 (N.D. Ill. Sept. 29, 2011). | A plaintiff must prove the elements of fraudulent misrepresentation by clear and convincing evidence. *Johnson v. Waterfront Servs. Co.*, 909 N.E.2d 342 (Ill. App. Ct. 2009). Preponderance for negligent misrepresentation. *Eastern Cyclone Indus. v. State*, 37 Ill. Ct. Cl. 197, 209-210 (Ill. Ct. Cl. 1984). | Punitive damages are prohibited in simple negligence cases but are appropriate in fraud cases. *Cripe v. Leiter*, 291 Ill. App. 3d 155, 158 (Ill. App. Ct. 3d Dist. 1997). If the elements of damage can be proved, nominal damage can be recovered for both. *City of Chicago v. Michigan Beach Hous. Coop.*, 297 Ill. App. 3d 317, 326 (Ill. App. Ct. 1st Dist. 1998). "Lastly, the damages claimed on the basis of negligent misrepresentation are limited to out-of-pocket damages." *Wells Fargo Bus. Credit, Inc. v. Dovebid Valuation Servs.*, 2008 U.S. Dist. LEXIS 85088 (N.D. Ill. Sept. 18, 2008) Benefit of the bargain is used to calculate damages in fraud cases. *Price v. Philip Morris, Inc.*, 2005 Ill. LEXIS 2071 (Ill. Dec. 15, 2005). | |

- 14 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| INDIANA | "To establish a cause of action for fraudulent misrepresentation, [plaintiff] must demonstrate that (1) [defendant] made false statements of past or existing material facts; (2) [defendant] made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; (3) [defendant] made the statements to induce [plaintiff] to act upon them; 4) [plaintiff] justifiably relied and acted upon the statements; and 5) [the plaintiff] suffered injury." *Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | Does not recognize negligent misrepresentation as a distinct tort. *Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 584 (Ind. App. 1999). | Six-year statute of limitations for actions seeking relief against frauds applies to constructive fraud as well as actual fraud. *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 870 n.7 (Ind. Ct. App. 1999). | Justifiable reliance required. *Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | Knowledge or recklessness needed for intentional misrepresentation and the statements must have been made in order to induce the other party. *Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | "When fraud is relied on as a basis for recovery, alleging party must prove all of essential elements of fraud by a preponderance of the evidence." *Grissom v. Moran*, 290 N.E.2d 119, 123 (Ind. Ct. App. 1972). | Fraudulent misrepresentation can result in punitive damages. *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1263 (Ind. Ct. App. 1986). Benefit of the bargain is the measure for intentional misrepresentation damages. *Lightning Litho, Inc. v. Danka Indus.*, 776 N.E.2d 1238, 1243 (Ind. Ct. App. 2002). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **IOWA** | "To establish a claim for fraudulent misrepresentation, Van Sickle has the burden of proving each of the following elements: "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage." *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010). | "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Estate of Butler v. Maharishi Univ. of Mgmt.*, 589 F. Supp. 2d 1150, 1163 (S.D. Iowa 2008). | In general, actions for injuries to property and for relief on ground of fraud must be brought within five years. *Bob McKinness Excavating & Grading, Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405 (Iowa 1993). Iowa Code § 614.1(4). | Justifiable reliance needed for both. *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010). *Estate of Butler v. Maharishi Univ. of Mgmt.*, 589 F. Supp. 2d 1150, 1163 (S.D. Iowa 2008). | Scienter needed for intentional misrepresentation. *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010). | Fraud must be proven by a preponderance of clear, satisfactory, and convincing evidence. *Stewart v. Sisson*, 766 N.W.2d 800 (Iowa App. 2009). | Punitive damages are not allowed for intentional misrepresentation in the absence of malice, fraud, or other illegal acts. *Clark-Peterson Co. v. Independent Ins. Assocs.*, 514 N.W.2d 912, 916 (Iowa 1994). "Iowa law recognizes two basic methods to measure damages in fraud cases. The first measure of damages provides compensation for the benefit of the bargain. The second measure of damages is the out-of-pocket rule. However, these measures of damages have primarily been developed in cases of fraud involving the transfer of property. Yet, even when property is not transferred between the defendant and the plaintiff, a defrauded plaintiff is entitled to recover those losses proximately caused by reliance on the misrepresentation." *Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 739 (Iowa 2009). | In Iowa, liability for negligent misrepresentation arises only when the information is provided by persons in the business or profession of supplying information to others. Absent a special relationship giving rise to a duty of care, a claimant cannot establish negligent misrepresentation. *Estate of Butler v. Maharishi Univ. of Mgmt.*, 589 F. Supp. 2d 1150, 1163 (S.D. Iowa 2008). |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **KANSAS** | "[T]he elements of an action for fraud include (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or with reckless disregard for the truth, (4) upon which another party justifiably relies and (5) acts to his or her detriment." *Bomhoff v. Nelnet Loan Servs., Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting Alired v. McGehee*, 85 P.3d 1191 (2004). | "The elements of negligent misrepresentation are: (1) the defendant made a false statement regarding a transaction in which he or she had a pecuniary interest; (2) the defendant failed to exercise reasonable care to ascertain or communicate the accuracy of the statement; (3) the plaintiff justifiably relied upon the statement; and (4) the plaintiff thereby incurred a loss." *Evolution, Inc. v. Suntrust Bank*, 342 F. Supp. 2d 964, 971 (D. Kan. 2004). | A fraud claim must be "brought within two years of discovery of alleged fraud." *Richards v. Bryan*, 879 P.2d 638, 646 (Kan. Ct. App. 1994). | Justifiable reliance for both. *Bomhoff v. Nelnet Loan Servs., Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting Alired v. McGehee*, 85 P.3d 1191 (2004). *Evolution, Inc. v. Suntrust Bank*, 342 F. Supp. 2d 964, 971 (D. Kan. 2004). | Intent to deceive or reckless disregard for the truth, and knowledge of the falsity of statement needed for intentional misrepresentation. *Bomhoff v. Nelnet Loan Servs., Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting Alired v. McGehee*, 85 P.3d 1191 (2004). | "Fraud is never presumed, but must be established by clear and convincing evidence." *Chism v. Protective Life Ins. Co.*, 234 P.3d 780, 783 (Kan. 2010). "plaintiffs' burden of proof on its negligent misrepresentation claim is by a preponderance of the evidence." *Sprague v. Peoples State Bank*, 844 F. Supp. 662, 670 (D. Kan. 1994). | To recover punitive damages, plaintiff must prove by clear and convincing evidence, that defendant acted willfully, wantonly, or with fraud or malice. K.S.A. §§ 60-3701(c), 60-3702(c). Benefit of the bargain is used to calculate damages for fraud. *Fisher v. Mr. Harold's Hair Lab, Inc.*, 215 Kan. 515 (Kan. 1974). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| KENTUCKY | "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury."<br><br>*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | "In order to prove a negligent misrepresentation, [Plaintiff] must show that in the course of [defendant's] business, or in any other transaction in which it had a pecuniary interest, it negligently supplied false information for the guidance of defendant in its business transactions, which defendant justifiably relied on to its detriment"<br><br>*Barton Brands, Ltd. v. O'Brien & Gere, Inc.* of N. Am., 2009 U.S. Dist. LEXIS 33187 (W.D. Ky. Apr. 15, 2009). | Five years. Ky. Rev. St. Ann. § 413.120. | Justifiable reliance for both.<br><br>*Barton Brands, Ltd. v. O'Brien & Gere, Inc.* of N. Am., 2009 U.S. Dist. LEXIS 33187 (W.D. Ky. Apr. 15, 2009).<br><br>*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | Knowledge or recklessness and intent to induce reliance must be present for intentional misrepresentation.<br><br>*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | Fraud claim requires proof, by clear and convincing evidence, of six elements . . . .<br><br>*Flegles, Inc. v. Truserv Corp.*, 289 S.W.3d 544 (Ky. 2009).<br><br>"negligent misrepresentation - similarly requires proof by clear and convincing evidence of a material representation that a defendant knew, or should have known, to be false." *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 581 (Ky. 2004). | To receive punitive damages, the plaintiff must show the defendant acted with "oppression, fraud or malice." KRS § 411.184(2). The terms "oppression" and "fraud" are statutorily defined. Oppression is conduct intended to subject a plaintiff to cruel and unjust hardship. Id. § 411.184(1)(a). Fraud is defined to be intentional misrepresentation…of material fact that is known to the defendant and is concealed with the intention of causing injury to the plaintiff.  § 411.184(1)(b) Benefit of the bargain is used to calculate damages for fraud. *Sanford Constr. Co. v. S & H Contractors, Inc.*, 443 S.W.2d 227, 238 (Ky. 1969). Out of pocket for negligent misrepresentation. *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 737 (Ky. 2011). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **LOUISIANA** | "To succeed in a claim for intentional/fraudulent misrepresentations, the petition must contain allegations of: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury." *Sys. Eng'g and Sec., Inc. v. Sci. & Eng's Ass'ns, Inc.,* 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | "The plaintiff must show (1) a legal duty to supply correct information; (2) breach; and (3) damages resulting from justifiable reliance on the misrepresentation." *Commercial Nat. Bank v. Audubon Meadow Part.,* 566 So.2d 1136, 1139 (La.App. 2d Cir.1990). | An action for fraud is in tort and prescribes in one year. *Winn Fuel Serv., Inc. v. Booth,* 34 So.3d 515, 519 (La. Ct. App. 2010). | Justifiable reliance necessary for both. *Commercial Nat. Bank v. Audubon Meadow Part.,* 566 So.2d 1136, 1139 (La.App. 2d Cir.1990). *Sys. Eng'g and Sec., Inc. v. Sci. & Eng's Ass'ns, Inc.,* 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | Intent to deceive necessary for intentional misrepresentation. *Sys. Eng'g and Sec., Inc. v. Sci. & Eng's Ass'ns, Inc.,* 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | Fraud need only be proven by preponderance of evidence and may be established by circumstantial evidence. *Van Meter v. Gutierrez,* 897 So.2d 781, 787 (La. Ct. App. 2005). | Louisiana law prohibits punitive damage awards in tort cases. *Silver v. Nelson,* 610 F. Supp. 505, 523 (D. La. 1985). La. Civ. Code Ann. art. 2315 tort, negligent misrepresentation entitles a successful plaintiff to an award of damages for mental anguish, pain and suffering. La. C.C. Art. 2315. | |

- 19 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MAINE** | "To summarize, a defendant is liable for fraud or deceit if he (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage." <br><br> *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979). <br><br> "A plaintiff may justifiably rely on the fraudulent misrepresentation of a defendant, whether made intentionally or recklessly, without investigating the truth or falsity of the representation. Reliance is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to him." *Id.* | "1) the plaintiff was supplied false information by the defendant; 2) of a material fact; 3) the defendant did not exercise reasonable care or competence in communicating the information; and, 3) the plaintiff justifiably relied on that false information causing him economic harm. Recovery is limited to matters in which the parties have a pecuniary interest and to persons the speaker intended to benefit by providing the information." <br><br> *Knowlton v. Shaw*, 2011 U.S. Dist. LEXIS 62549 (D. Me. June 13, 2011). | Six years after discovery. <br><br> 14 Me. Rev. Stat. Ann. § 859. | Justifiably reliance needed for both. <br><br> *Knowlton v. Shaw*, 2011 U.S. Dist. LEXIS 62549 (D. Me. June 13, 2011). <br><br> *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979). | Knowledge or recklessness and intent to induce reliance must be present for intentional misrepresentation. <br><br> Letellier v. Small, 400 A.2d 371, 376 (Me. 1979). | Elements of fraudulent misrepresentation must be proved by clear and convincing evidence. <br><br> *Maine Eye Care Assocs. P.A. v. Gorman*, 890 A.2d 707, 711 (Me. 2006). <br><br> The standard is preponderance for a negligent misrepresentation claim. <br><br> *Bradley v. Kryvicky*, 2007 U.S. Dist. LEXIS 68026 (D. Me. Sept. 13, 2007). | Negligent misrepresentation damages are limited to out-of-pocket loss. <br><br> *Chapman v. Rideout*, 568 A.2d 829, 830 (Me. 1990). <br><br> Benefit of the bargain is used to calculate damages for fraud. <br><br> *Nelson v. Leo's Auto Sales, Inc.*, 158 Me. 368, 373 (Me. 1962). <br><br> Punitive damages available for fraud. <br><br> *St. Francis De Sales Fed. Credit Union v. Sun Ins. Co. of N.Y.*, 2002 ME 127, P21 (Me. 2002). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MARYLAND** | "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation."<br><br>*HBCU Pro Football. LLC v. New Vision Sports Props., LLC*, 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011). | "(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence."<br><br>*Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 608 (D. Md. 2011). | Three years after discovery. Md. Code Ann., Cts & Jud. Proc., § 5-501. | Justifiable reliance needed for both.<br><br>*HBCU Pro Football. LLC v. New Vision Sports Props., LLC*, 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011).<br><br>*Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 608 (D. Md. 2011). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of defrauding plaintiff.<br><br>*HBCU Pro Football. LLC v. New Vision Sports Props., LLC*, 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011).<br><br>Intention to induce reliance needed for negligent misrepresentations.<br><br>*Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 608 (D. Md. 2011). | To prevail on a fraud-based claim, a party must prove each element of the fraud by clear and convincing evidence. *Cent. Truck Ctr., Inc. v. Cent. GMC, Inc.*, 4 A.3d 515, 520 (Md. Ct. Spec. App. 2010).<br><br>Negligent misrepresentation may be proven by a preponderance of the evidence.<br><br>*Kiddie Acad. Domestic Franchising LLC v. Faith Enters.* DC, LLC, 2009 U.S. Dist. LEXIS 61989 (D. Md. July 17, 2009). | Punitive damages available for intentional misrepresentation.<br><br>*HBCU Pro Football. LLC v. New Vision Sports Props., LLC*, 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011).<br><br>"The proper measure of damages in fraud and deceit cases is determined by the so-called 'flexibility theory,'…"<br><br>*Hinkle v. Rockville Motor Co.*, 262 Md. 502, 512 (Md. 1971).<br><br>Out of pocket for negligent misrepresentation.<br><br>*Weisman v. Connors*, 312 Md. 428, 440 (Md. 1988). |  |

- 21 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MASSACHUSETTS** | "The elements of [intentional] misrepresentation are well established: in order to recover, plaintiff 'must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his [or her] damage." *Massachusetts v. Mylan Labs.*, 608 F. Supp. 2d 127, 155 (D. Mass. 2008). | "In order to recover for negligent misrepresentation a plaintiff must prove that the defendant (1) in the course of his business, (2) supplies false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information." *Ricciardelli v. Home Depot U.S.A., Inc.*, 679 F. Supp. 2d 192, 210 (D. Mass. 2009). | "Under Massachusetts law, the statute of limitations for fraud claims is three years after the plaintiff learns or reasonably should have learned of the alleged misrepresentations." *Young v. Deloitte & Touche, LLP*, No. 040807BLS, 2004 WL 2341344, at *10 (Mass. Sup. Ct. Sept. 20, 2004). | Justifiable reliance needed for both. *Ricciardelli v. Home Depot U.S.A., Inc.*, 679 F. Supp. 2d 192, 210 (D. Mass. 2009). *Massachusetts v. Mylan Labs.*, 608 F. Supp. 2d 127, 155 (D. Mass. 2008). | Knowledge of falsity and intent to induce the plaintiff to act are necessary for intentional misrepresentation. *Massachusetts v. Mylan Labs.*, 608 F. Supp. 2d 127, 155 (D. Mass. 2008). | For fraud, the intent to deceive must be established by "clear and convincing" evidence. *Metris U.S.A., Inc. v. Faro Techs., Inc.*, 2011 U.S. Dist. LEXIS 105865 (D. Mass. Sept. 19, 2011). Preponderance for negligent misrepresentation. *Foisy v. Royal Maccabees Life Ins. Co.*, 241 F. Supp. 2d 65, 69 (D. Mass. 2002). | A simple finding of intentional misrepresentation "does not automatically trigger punitive damages. There must be something more" *Technologies, S.A. v. Cyrano, Inc.*, 460 F. Supp. 2d 197, 206 (D. Mass. 2006). Benefit of the bargain is the measure for intentional misrepresentation damages though it may be limited by judicial discretion. Out of pocket expenses is the measure for negligent misrepresentation. *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 425 (Mass. 2005). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MICHIGAN** | "To prove a claim of fraudulent misrepresentation, or common-law fraud, a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury." *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | "The elements of negligent misrepresentation are: (1) justifiable and detrimental reliance on (2) information provided without reasonable care (3) by one who owed a duty of care." *Wier v. Countrywide Bank*, N.A., 2011 U.S. Dist. LEXIS 35066 ( E.D. Mich. Mar. 31, 2011). | Six years after accrual.  Mich. Comp. Laws. Ann. § 600.5813. | Justifiable reliance needed for both. *Wier v. Countrywide Bank*, N.A., 2011 U.S. Dist. LEXIS 35066 ( E.D. Mich. Mar. 31, 2011). *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of inducing reliance by the plaintiff. *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | Fraud must be established by clear and convincing evidence and must never be presumed. *Foodland Distrib. v. Al-Naimi*, 559 N.W.2d 379, 381 (Mich. App. 1996). Preponderance for negligence. *Aebig v. Cox*, 2005 Mich. App. LEXIS 270 (Mich. Ct. App. Feb. 8, 2005). | Fraudulent intent may give rise to punitive damages. *Williams v. Polgar*, 391 Mich. 6, 21 (Mich. 1974). The damages for negligent misrepresentation are out of pocket expenses, never the benefit of the bargain. *Law Offices of Lawrence J Stockler, P.C. v. Rose*, 174 Mich. App. 14, 44 (Mich. Ct. App. 1989). Benefit of the bargain is used to calculate damages for fraud. *Wolbrink v. Sorr*, 341 Mich. 512, 521 (Mich. 1954). | |

- 23 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MINNESOTA** | "In Minnesota, a plaintiff must prove five elements to succeed on a claim for fraudulent representation: (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer pecuniary damage as a result of the reliance." *Flynn v. Am. Home Prods Corp.*, 627 N.W.2d 342, 349 (Minn. Ct. App. 2001). | "The elements of negligent misrepresentation are (1) a duty of reasonable care in conveying information; (2) breach of that duty by negligently giving false information; (3) reasonable reliance on the misrepresentations, which proximately caused the injury; and (4) damages." *Anderson v. Countrywide Home Loans*, 2011 U.S. Dist. LEXIS 45966, 15-16 (D. Minn. Apr. 7, 2011) | Six years after discovery. Minn. Stat. Ann. § 541.05. | Reasonable reliance needed for both. *Anderson v. Countrywide Home Loans*, 2011 U.S. Dist. LEXIS 45966, 15-16 (D. Minn. Apr. 7, 2011) *Flynn v. Am. Home Prods Corp.*, 627 N.W.2d 342, 349 (Minn. Ct. 2001). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of inducing reliance by the plaintiff. *Flynn v. Am. Home Prods Corp.*, 627 N.W.2d 342, 349 (Minn. Ct. 2001). | Fraud must be proven by clear and convincing evidence. *Beasley v. Medin*, 479 N.W.2d 95, 99 (Minn. App. 1992). Preponderance for negligence. *Hebrink v. Farm Bureau Life Ins. Co.*, 664 N.W.2d 414, 420 (Minn. Ct. App. 2003). | Punitive damages may be awarded for fraudulent-misrepresentation claims. *Trimily, Inc. v. Delice Group*, 2007 U.S. Dist. LEXIS 47965 (D. Minn. June 25, 2007). Minnesota recognizes the "out-of-pocket" rule as the proper measure of damages for negligent misrepresentation. Lobe *Enters. v. Dotsen*, 360 N.W.2d 371, 373 (Minn. App. 1985). Same for fraud cases. *B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 (Minn. 1988). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MISSISSIPPI** | "[I]n order to establish fraud, the following elements must be proven: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009). | "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance. *Davis v. AutoZone, Inc.*, 2011 U.S. Dist. LEXIS 113839 (S.D. Miss. Oct. 1, 2011). | Three years after accrual. Miss. Code Ann. § 15-1-49; *Sanderson Farms, Inc. v. Ballard*, 917 So.2d 783, 789 (Miss. 2005). | Reasonable reliance is needed for both. *Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009). *Davis v. AutoZone, Inc.*, 2011 U.S. Dist. LEXIS 113839 (S.D. Miss. Oct. 1, 2011). | Knowledge of statements falsity or ignorance of its truth is necessary along with intent to induce reliance. *Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009). | The elements of fraud, which must be proven by clear and convincing evidence. *O.W.O. Invs. v. Stone Inv. Co., Inc.*, 32 So.3d 439, 446 (Miss. 2010). "In order to establish negligent misrepresentation the following elements must be proven by a preponderance of the evidence" *Davis v. AutoZone, Inc.*, 2011 U.S. Dist. LEXIS 113839 (S.D. Miss. Oct. 1, 2011). | In Mississippi, to recover punitive damages based on a claim of fraud, the plaintiffs must prove by clear and convincing evidence that "the defendant … committed actual fraud." Miss. Code Ann. § 11-1-65. For fraud, damages are "actual damages" not just out of pocket expenses. *Hobbs Auto., Inc. v. Dorsey*, 914 So. 2d 148, 154 (Miss. 2005). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MISSOURI** | "To make a submissible case of fraudulent misrepresentation, a plaintiff is required to prove nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008) (internal citations omitted). | "(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). | Statute of limitations for fraud and misrepresentation is five years from when the fraud was discoverable by the aggrieved party, and it is the aggrieved party's duty to inquire so as to discover the facts surrounding the fraud. *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991). | Justifiable reliance for needed for both. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008). | For negligent misrepresentation speaker needs to intentionally provide information for a business purpose. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). Knowledge of statements falsity or ignorance of its truth is necessary along with intent to induce reliance. *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008). | "The party alleging fraud bears the burden of proving each element and must satisfy that burden with clear and convincing evidence." *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. App. 2007). Based on the holding in that case and its progeny, the plaintiff must establish by a preponderance of the evidence the following elements in a cause of action for negligent misrepresentation. *Landmark Bank v. McGlinn*, 684 F. Supp. 1500, 1505 (E.D. Mo. 1988). | Punitive damages are available for fraudulent misrepresentation. *Wells v. Farmers Alliance Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 10032 (E.D. Mo. Feb. 11, 2009). "Generally, a victim of fraud can either return what he purchased and get his money back (recission), or keep what he purchased and sue for damages measured as the difference between its value as represented and its true value as of the date of purchase (benefit of the bargain)." *Davis v. Cleary Bldg. Corp.*, 143 S.W.3d 659, 668 (Mo. Ct. App. 2004). A claim for negligent misrepresentation is limited to pecuniary loss (out of pocket). *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). | |

- 26 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| MONTANA | "[T]he nine elements of actual fraud: (1) a representation; (2) falsity of the representation; (3) materiality of the representation; (4) speaker's knowledge of the falsity of the representation or ignorance of its truth; (5) speaker's intent it should be relied upon; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and (9) consequent and proximate injury caused by the reliance on the representation." *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). | "1.  the defendant made a representation as to a past or existing material fact; 2. the representation must have been untrue; 3. regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true; 4. the representation must have been made with the intent to induce the plaintiff to rely on it; 5. the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation and it must have been justified in relying on the representation; and 6. the plaintiff, as a result if his or her reliance, sustained damage. *CQI, Inc. v. Mt. West Farm Bureau Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 107389, 26-27 (D. Mont. Oct. 7, 2010). | "Fraud claims are subject to a two-year statute of limitations." *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 440 (Mont. 2003). | Justifiable reliance is an element for both. *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). *CQI, Inc. v. Mt. West Farm Bureau Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 107389, 26-27 (D. Mont. Oct. 7, 2010). | Knowledge of statements falsity or ignorance of its truth is necessary for intentional misrepresentation along with intent to induce reliance. *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). "[N]egligent misrepresentation does not require 'intent to deceive' but, . . . intent to induce reliance on a representation without any reasonable ground to believe that it is true." *Tripp v. Jeld-Wen, Inc.*, 2005 MT 121, 327 Mont. 146, 112 P.3d 1018, P 30 (Mont. 2005). | "A mere suspicion of fraud is not sufficient, fraud must be proven by a preponderance of the evidence." *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005). | Punitive damages are available if clear and convincing evidence that defendant was guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-221(1). The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss of which the misrepresentation is a legal cause, including (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance on the misrepresentation *United First Fed. Sav. & Loan Ass'n v. White-Stevens, Ltd.*, 253 Mont. 242, 249 (Mont. 1992). |  |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **NEBRASKA** | "In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result." *Schuelke v. Wilson*, 549 N.W.2d 176, 181-82 (Neb. 1996). | "(1) a duty of reasonable care in conveying information; (2) a breach of that duty by giving false information; (3) reasonable reliance on the misrepresentation, which reliance is the proximate cause of physical injury; and (4) damages." *Delanghe v. Conley*, 2006 U.S. Dist. LEXIS 44972 (D. Neb. June 29, 2006). | When the specific cause of action in the petition is one for fraud, the statute which applies in this instance is the four-year statute of limitations. *McGinley v. McGinley*, 583 N.W.2d 77, 80 (Neb. Ct. App. 1998). | Reasonable reliance is necessary for both. *Delanghe v. Conley*, 2006 U.S. Dist. LEXIS 44972 (D. Neb. June 29, 2006). *Schuelke v. Wilson*, 549 N.W.2d 176, 181-82 (Neb. 1996). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of inducing reliance by the plaintiff. *Delanghe v. Conley*, 2006 U.S. Dist. LEXIS 44972 (D. Neb. June 29, 2006). | Courts of law require proof of fraud by a preponderance of the evidence, while courts of equity require clear and convincing evidence. *Huffman v. Poore*, 569 N.W.2d 549, 559 (Neb. Ct. App. 1997). | Punitive damages not allowed. *Abel v. Conover*, 170 Neb. 926, 104 N.W.2d 684, 688 (Neb. 1960). The measure of recovery is compensation for the injury sustained. *Id.* The damages for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause. *Burke v. Harman*, 6 Neb. App. 309, 340 (Neb. Ct. App. 1998). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| NEVADA | "1. A false representation made by the defendant; <br><br>2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); <br><br>3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; <br><br>4. Plaintiff's justifiable reliance upon the misrepresentation; and <br><br>5. Damage to the plaintiff resulting from such reliance." <br><br>*Bulbman, Inc. v. Nevada Bell,* 825 P.2d 588, 592 (Nev. 1992). | "1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information." <br><br>*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.,* 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006). | Three years after discovery. <br><br>Nev. Rev. Stat. 11.202 (3)(d). | Justifiable reliance is necessary for both. <br><br>*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.,* 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006). <br><br>*Bulbman, Inc. v. Nevada Bell,* 825 P.2d 588, 592 (Nev. 1992). | Knowledge or belief of falsity or insufficient basis for making the representation and the statement has to be made for the purpose of inducing reliance by the plaintiff. <br><br>*Bulbman, Inc. v. Nevada Bell,* 825 P.2d 588, 592 (Nev. 1992). | "[B]urden is on plaintiff to establish fraud by clear and convincing evidence." <br><br>*Hindenes v. Whitney by Vogelheim,* 697 P.2d 932, 933-34 (Nev. 1985). <br><br>Preponderance for negligence. <br><br>*Butcher v. Advanced Mineral Techs., Inc.,* 2011 U.S. Dist. LEXIS 21493 (D. Nev. Mar. 2, 2011). | Punitive damages may be awarded upon clear and convincing evidence of fraud, oppression, or malice, express or implied. Nev. Rev. Stat. § 42.005(1). For punitive damages purposes, Nevada law defines: (1) oppression means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person; (2) fraud to be an intentional misrepresentation or concealment of a material fact with the intent to deprive another person of his or her rights or property; (3) malice, express or implied, to be despicable conduct which is engaged in with a conscious disregard of the rights or safety of others; and (4) conscious disregard to mean knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences. Nev. Rev. Stat. § 42.001. | |

LEGAL02/32945374v2

**VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS**

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| NEW HAMPSHIRE | "In order to prove deceit, the plaintiff must prove that the defendant intentionally made material false statements to the plaintiff, which the defendant knew to be false or which he had no knowledge or belief were true, for the purpose of causing, and which does cause, the plaintiff reasonably to rely to his detriment."<br><br>*Caledonia, Inc. v. Trainor,* 459 A.2d 613, 617-18 (N.H. 1983). | "Under the common law of New Hampshire, "[t]he elements of . . . a claim [for negligent misrepresentation] are a negligent misrepresentation of a material fact by the defendant and justifiable reliance  by the plaintiff."<br><br>*BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.,* 2011 U.S. Dist. LEXIS 123094, 39-40 (D.N.H. Oct. 24, 2011). | Three years after discovery.<br><br>N.H. Rev. Stat. Ann. § 508:4 | To prevail on a claim for either negligent or intentional misrepresentation, a plaintiff must prove justifiable reliance or both.<br><br>*BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.,* 2011 U.S. Dist. LEXIS 123094 (D.N.H. Oct. 24, 2011). | "The tort of intentional misrepresentation, or fraud, must be proved by showing that the representation was made with knowledge of its falsity or with conscious indifference to its truth and with the intention of causing another person to rely on the representation." *Patch v. Arsenault,* 139 N.H. 313, 319, (1995).<br><br>The standard of care in a negligent misrepresentation case has been articulated as follows: "It is the duty of one who volunteers information to another not having equal knowledge, with the intention that he will act  upon it, to exercise reasonable care to verify the truth of his statements before making them."<br><br>*Mills v. Dupont,* 2008 N.H. Super. LEXIS 18, 6-7 (N.H. Super. Ct. 2008). | "Fraud must be proved by clear and convincing evidence, but such proof may be founded upon circumstantial evidence."<br><br>*Snow v. Am. Morgan Horse Ass'n, Inc.,* 686 A.2d 1168, 1170 (N.H. 1996) (internal citations omitted).<br><br>The plaintiff must prove the elements of negligent misrepresentation by a preponderance of the evidence.<br><br>*See Patch v. Arsenault,* 139 N.H. 313, 319-20, (1995). | "In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained, mental as well as material."<br><br>*Kimball v. Holmes,* 60 N.H. 163, 164 (1980).<br><br>Benefits of the bargain damages are awarded for fraud.<br><br>*Lampesis v. Comolli,* 101 N.H. 279, 283 (N.H. 1958).<br><br>Damages for negligent misrepresentation are calculated using the out of pocket rule.<br><br>*Eno Brick Corp. v. Barber-Greene Co.,* 109 N.H. 156, 161 (N.H. 1968). | |

- 30 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **NEW JERSEY** | "In order to establish a cause of action under common law fraud, plaintiffs must demonstrate that: (1) defendant made a material misrepresentation or omission of fact; (2) knowing the misrepresentation to be false or the omission to be material, and intending the other party to rely on it; and (3) the other party did in fact rely on the misrepresentation or omission to its detriment." *Varacallo v. Mass. Mut. Life Ins. Co.*, 752 A.2d 807, 813 (N.J. Super. Ct. App. Div. 2000). | "1) the defendant negligently provided false information; 2) the plaintiff was a reasonably foreseeable recipient of that information; 3) the plaintiff justifiably relied on the information; and 4) the false statements were a proximate cause of the plaintiff's damages." *McCall v. Metropolitan Life. Ins.*, 956 F. Supp. 1172, 1186 (D.N.J. 1996). | Six-year statute of limitations applied to yacht buyer's claims against seller based on common-law fraud and the Consumer Fraud Act. *D'Angelo v. Miller Yacht Sales*, 619 A.2d 689, 691 (N.J. Super. Ct. App. Div. 1993). | Justifiable reliance needed for both. *Barry L. Kahn Defined Ben. Pension Plan v. Township of Moorestown*, 243 N.J. Super. 328, 337 (Ch.Div. 1990). *McCall v. Metropolitan Life. Ins.*, 956 F. Supp. 1172, 1186 (D.N.J. 1996). | The elements of negligent misrepresentation are essentially the same as those of common law fraud except negligent misrepresentation does not require scienter. *Gaelick v. Conn. Gen. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 95254 (D.N.J. Aug. 25, 2011). | "Fraud is not presumed; it must be proven through clear and convincing evidence." *Stoecker v. Echevarria*, 975 A.2d 975 (N.J. Super. Ct. App. Div. 2009). To prove negligent misrepresentation, plaintiff must establish by a preponderance of the evidence each of the follow elements. *Hoke, Inc. v. Cullinet Software, Inc.*, 1992 U.S. Dist. LEXIS 4616 (D.N.J. Mar. 18, 1992). | "In order to recover punitive damages, Plaintiffs must demonstrate that Defendant committed "an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and wilful disregard of the rights of another." Fraud may give rise to punitive damages. *Barton v. RCI*, LLC, 2011 U.S. Dist. LEXIS 80134 (D.N.J. July 22, 2011). New Jersey follows the "flexible theory" and the court may award either benefit of the bargain or out of pocket cost damages. *Lipkowitz v. Hamilton Surgery Ctr., LLC*, 415 N.J. Super. 29, 35 (App. Div. 2010). | |

- 31 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| NEW MEXICO | "In order to prevail on a fraud claim, a plaintiff must prove the existence of (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Papatheofanis v. Allen*, 242 P.3d 358, 361 (N.M. Ct. App. 2010). | "(1) negligent misrepresentation may involve a statement that is "literally true" but misleading; (2) negligent misrepresentation only requires a failure to exercise ordinary care in obtaining or communicating the statement; (3) misrepresentation only requires an intent that the plaintiff receive and be influenced by the statement where it is reasonably foreseeable that the plaintiff would be harmed if the information conveyed was incorrect or misleading." *State ex rel. Nichols v. Safeco Ins. Co.*, 100 N.M. 440, 443 n.1, 671 P.2d 1151, 1154 n.1 (Ct. App.1983). | Four years. N.M. Stat. Ann. §37-1-4. | Intentional misrepresentation requires detrimental reliance. *Papatheofanis v. Allen*, 242 P.3d 358, 361 (N.M. Ct. App. 2010). As with fraud, reliance is an element of negligent misrepresentation. *SKI Racing, Inc. v. Johnson*, 2010 U.S. Dist. LEXIS 143645 n.9 (D.N.M. July 31, 2010). | "fraudulent misrepresentation requires an intent to deceive, while negligent misrepresentation only requires an intent that the plaintiff receive and be influenced by the statement where it is reasonably foreseeable that the plaintiff would be harmed if the information conveyed was incorrect or misleading." *State ex rel. Nichols v. Safeco Ins. Co.*, 671 P.2d 1151, 1154 n.1 (Ct. App.1983). | Clear and convincing standard of proof is applicable to cases concerning undue influence; this standard requires fact finder to reach abiding conviction as to truth of facts found. *Montoya v. Torres*, 823 P.2d 905, 909 (N.M. 1991). "Finally, while negligent misrepresentation may be proven by a preponderance of the evidence." *Eoff v. Forrest*, 109 N.M. 695, 699, 789 P.2d 1262, 1266 (1990). | Punitive or exemplary damages may be awarded only when the conduct of the wrongdoer may be said to be maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard to the plaintiffs' rights. *Loucks v. Albuquerque National Bank*, 418 P.2d 191, 199 (1966). Out of pocket damages are awarded for negligent misrepresentation while benefit of the bargain damages are awarded for fraud. *First Interstate Bank v. Foutz*, 107 N.M. 749, 751 (N.M. 1988). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **NEW YORK** | "The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Chung v. Wang*, 912 N.Y.S. 2d 647, 648 (N.Y. App. Div. 2010). | "New York negligent misrepresentation claim requires them "to demonstrate (1) the existence of a special or privity like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 863 N.E.2d 585, 587, 831 N.Y.S.2d 364 (N.Y. 2007). | Six years. *Monaghan v. Ford Motor Co.*, 897 N.Y.S.2d 482 (N.Y. App. Div. 2010). | Justifiable/reasonable reliance needed for both. *Chung v. Wang*, 912 N.Y.S. 2d 647, 648 (N.Y. App. Div. 2010). *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000). | For intentional misrepresentation plaintiff must have made for the purpose of inducing the other party to rely upon it. *Chung v. Wang*, 912 N.Y.S. 2d 647, 648 (N.Y. App. Div. 2010) (internal citations omitted). | "The elements of fraud are narrowly defined, requiring proof by clear and convincing evidence." *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598, 607 (N.Y. 1999). A claim for negligent misrepresentation must be proven by the claimant by a preponderance of the evidence. *Johnston v. Norton*, 886 F. Supp. 403, 404 (S.D.N.Y. 1995). | "Under New York law, such 'out-of-pocket' losses are the measure of actual damages for fraudulent inducement." *Kaddo v. King Serv.*, 250 A.D.2d 948, 949 (N.Y. App. Div. 3d Dep't 1998). As to a claim for fraud, punitive damages are recoverable where there has been gross, wanton, or willful fraud, or other morally culpable conduct that was manifested by utterly reckless behavior on the part of the wrongdoer. *CoActiv Capital Partners, Inc. v. Hudson Converting, Inc.*, 2011 U.S. Dist. LEXIS 97795 (N.D.N.Y Aug. 31, 2011). | |

- 33 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **NORTH CAROLINA** | The elements of a North Carolina fraud claim are "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Forbis v. Neal*, 649 S.E.2d 382, 387 (2007). "Additionally, any reliance on the allegedly false representations must be reasonable." *Id.* | "The elements of a negligent misrepresentation claim are (1) justifiable reliance (2) to a party's detriment (3) on information prepared without reasonable care (4) by one who owed the relying party a duty of care." *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (1988). | Three years after discovery. N.C. Gen. Stat. § 1-52. | Reasonable or justifiable reliance is necessary. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (1988). *Forbis v. Neal*, 649 S.E.2d 382, 387 (2007). | "Fraud requires a (2) reasonably calculated to deceive, (3) made with intent to deceive." *Hudgins v. Wagoner*, 694 S.E.2d 436, 442 (N.C. Ct. App. 2010). | "[I]t is possible for a jury to find someone liable for fraud by preponderance of the evidence, but not find an aggravating factor of fraud, [as required for punitive damages,] by clear and convincing evidence." *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). | Clear and convincing evidence of fraud needed for punitive damages. *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). "A plaintiff may recover loss of bargain damages in a tort action if she establishes: (1) that the damages are the natural and probable result of the tortfeasor's misconduct; and (2) that the amount of damages is based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty." *Piedmont Inst. of Pain Mgmt. v. Staton Found.*, 157 N.C. App. 577, 591 (N.C. Ct. App. 2003). Generally damages for negligent misrepresentation are limited to pecuniary loss. *Barfield v. Matos*, 714 S.E.2d 812, 825 (N.C. Ct. App. 2011). | |

- 34 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| NORTH DAKOTA | "(1) a false, material representation was made, (2) that was either known to be false when made or was made without knowledge of its truth, (3) that was intended to be acted upon, (4) that was relied upon, and (5) that caused injury." *Macquarie Bank v. Knickel*, 723 F. Supp. 2d 1161, 1196 (D.N.D. 2010). | North Dakota recognized a statutory claim for relief based on negligent misrepresentation under NDCC § 9-03-08(2). *Bourgois v. Montana-Dakota Utils. Co.*, 466 N.W.2d 813, 818 (N.D. 1991). "Actual fraud within the meaning of this title consists in any of the following acts committed by a party to the contract, or with the party's connivance, with intent to deceive another party thereto or to induce the other party to enter into the contract (2) The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though that person believes it to be true" N.D. Cent. Code, § 9-03-08 (2). | Six years after discovery. N.D. Cent. Code § 28-01-16. | Reasonable reliance is necessary for fraud. *Macquarie Bank v. Knickel*, 723 F. Supp. 2d 1161, 1196 (D.N.D. 2010). Undetermined for negligent misrepresentation. | Intent to deceive necessary for fraud. Intent to induce reliance necessary for negligent misrepresentation. "The most reasonable interpretation of the bifurcated clause, 'with intent to deceive another party thereto or to induce him to enter into the contract,' suggests that negligent misrepresentation attaches to the latter, intentional fraud to the former." *Cooperative Power Ass'n v. Westinghouse Elec. Corp.*, 60 F.3d 1336 (8th Cir. 1995). | "Fraud and deceit must be proved by clear and convincing evidence." *WFND, LLC v. Fargo Marc, LLC*, 730 N.W.2d 841, 843 (N.D. 2007). | Under North Dakota law, punitive damages may be awarded in "any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice..." N.D. Cent Code § 32-03.2-11. "The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies." *Asleson v. West Branch Land Co.*, 311 N.W.2d 533, 544 (N.D. 1981). | |

- 35 -

# VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **OHIO** | "Fraud consists of (a) a representation or, where there is a duty to disclose, a concealment of fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010). | "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Delman v. Cleveland Hts.*, 534 N.E.2d 835, 838 (Ohio 1989). | Four years after discovery. *Burr v. Board of Cnty Comm'rs of Stark Cnty.*, 491 N.E.2d 1101 (Ohio 1986). | Justifiable reliance necessary for both. *Delman v. Cleveland Hts.*, 534 N.E.2d 835, 838 (Ohio 1989). *Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010). | For intentional misrepresentation the statement needs to have been made with knowledge of falsity or reckless disregard and with intent to induce reliance. *Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010). | "The elements of fraud must be established by clear and convincing evidence." *Rapport v. Kochovski*, 923 N.E.2d 1212, 1215 (Ohio Ct. App. 2009). A claim for negligent misrepresentation is subject to a preponderance of evidence standard. *Flanagan Lieberman Hoffman & Swaim v. Transamerica Life & Annuity* Co., 228 F. Supp. 2d 830, 853 (S.D. Ohio 2002). | Pecuniary loss only for negligent misrepresentation. *Delman v. Cleveland Hts.*, 534 N.E.2d 835, 838 (Ohio 1989). Benefit of the bargain is sued to calculate damages for fraud. *Northpoint Props. v. Charter One Bank*, 2011 Ohio 2512, P35 (Ohio Ct. App., Cuyahoga County May 26, 2011). "In tort law, punitive damages are available in actions involving fraud, actual malice, oppression, or insult on the part of the defendant." *Touhey v. Ed's Tree & Turf, L.L.C.*, WL 2672236, at * 4 (Ohio App. 12 Dist. 2011). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| OKLAHOMA | The elements for fraud are "material, false representations, made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with intention they be acted upon by another, and reliance thereon by another party to his injury." *Gibson v. Mendenhall*, 224 P.2d 251, 253 (Okla. 1950). | The Oklahoma Supreme Court has not expressly recognized the tort of negligent misrepresentation. *Qassas v. Daylight Donut Flour Co.*, LLC, 2010 U.S. Dist. LEXIS 58478, 2010 WL 2365472, at * 12 (N.D. Okla. 2010). Oklahoma courts have, however, recognized a similar claim of constructive fraud under certain circumstances. *Id.* There is "no clear statement of law regarding the elements of the tort of negligent misrepresentation in Oklahoma." *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, 2011 U.S. Dist. LEXIS 100187 (N.D. Okla. Sept. 2, 2011). | "[C]ivil actions based on fraud [must be] brought within two years." *Bennett v. McKibben*, 915 P.2d 400 (Okla. Civ. App. 1996). | Reasonable reliance is necessary for intentional misrepresentation. *Gibson v. Mendenhall*, 224 P.2d 251, 253 (Okla. 1950). | For intentional misrepresentation the statement needs to have been made with knowledge of falsity or reckless disregard and with intent to induce reliance. *Gibson v. Mendenhall*, 224 P.2d 251, 253 (Okla. 1950). | "Fraud is never presumed and each of its elements must be proved by clear and convincing evidence." *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). | Punitive damages available for fraud. *United States ex rel. MMS Constr. & Paving, L.L.C. v. Head, Inc.*, 2011 U.S. Dist. LEXIS 120261 (W.D. Okla. Oct. 18, 2011). "Oklahoma, by decisional law, has adopted a form of the benefit of the bargain measure in fraud actions, allowing the plaintiff to recover the difference between the actual value received and the value the defrauded party would have had if it had been as represented." *LeFlore v. Reflections of Tulsa, Inc.*, 1985 OK 72 (Okla. 1985). | |

- 37 -

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **OREGON** | "Under Oregon law, proof of fraud generally requires a showing that (1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance." *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003) (internal citations omitted). | "(1) a special relationship between plaintiff and defendants; (2) that defendants failed to exercise reasonable care by negligently making false representations or omitting material facts; (3) plaintiff's reasonable reliance on those false representations or omissions; and (4) damages sustained by plaintiff." *Conway v. Pacific University*, 924 P.2d 818 (1996). | Two years after discovery. *Murray v. Lamb*, 148 P.2d 797, 801 (Or. 1944). | Reasonable or justifiable reliance is needed for both. *Conway v. Pacific University*, 924 P.2d 818 (1996). *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003). | Knowledge that fact was false and intent to induce reliance necessary for fraud. *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003). | "Clear and convincing proof is required in civil cases involving allegations of fraud." *Gallant v. Board of Med. Exam'rs*, 974 P.2d 814, 820 (Or. Ct. App. 1999). Preponderance for negligence. *Onita Pac. Corp. v. Trs. of Bronson*, 315 Ore. 149, 159 (Or. 1992). | Punitive damages are available for intentional misrepresentation. While recklessness or even negligence might suffice, it has to "go beyond mere carelessness to a willful or reckless disregard of risk of harm to others of a magnitude evincing a high degree of social irresponsibilty. In such a setting the plaintiff whose economic loss may be insignificant to the enterprise and perhaps too small to justify the expenses of pressing a claim represents social interests larger than his own." *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Ore. 127, 138 (Or. 1984). The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies. *Duyck v. Tualatin Valley Irrigation Dist.*, 80 Ore. App. 602, 610 (Or. Ct. App. 1986). | |

- 38 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| PENNSYLVANIA | "To recover on a claim of fraud a plaintiff must prove by clear and convincing evidence six elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002) (internal citations omitted). | "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bortz v. Noon*, 556 Pa. 489, 500, 729 A.2d 555 (1999). | Two years. 42 Pa. Cons. Stat. Ann. § 5524. | Justifiable reliance for both. *Bortz v. Noon*, 556 Pa. 489, 500, 729 A.2d 555 (1999). *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002). | Yes for both. Intent to induce/mislead for both. Knowledge or reckless for intentional misrepresentation. "out to have known" for negligent misrepresentation. *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002). *Bortz v. Noon*, 556 Pa. 489, 500, 729 A.2d 555 (1999). | "Fraud must be averred with particularity . . . and it must be proven by clear and convincing evidence." *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super. Ct. 2008) (internal citation omitted). Preponderance is the standard for negligent misrepresentation. *Martik Bros., Inc. v. Huntington Nat'l Bank*, 2010 U.S. Dist. LEXIS 40250 (W.D. Pa. Apr. 23, 2010). | Under Pennsylvania law, "there must be acts of malice, vindictiveness and a wholly wanton disregard for the rights of others" when fraudulent conduct is the basis for punitive damages. *Pittsburgh Live Inc. v. Servov*, 615 A.2d 438, 442 (Pa.Super 1992). "Furthermore, an establishment of all or some of the elements of fraudulent misrepresentations does not entitle a plaintiff to punitive damages simply because elements have been met." *Martik Bros., Inc. v. Huntington Nat'l Bank*, 2010 U.S. Dist. LEXIS 40250 (W.D. Pa. Apr. 23, 2010). In general, only pecuniary loss is recoverable for both. *Restituto v. Trauma Serv. Group*, 29 Phila. 225, 244 (Pa. C.P. 1995). | |

- 39 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **RHODE ISLAND** | "To establish a *prima facie* fraud claim, the plaintiff must prove that the defendant made a false representation intending thereby to induce plaintiff to rely thereon and that the plaintiff justifiably relied thereon to his or her damage." *Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010) (internal quotation omitted). | "(1) a misrepresentation of a material fact; 2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; 3) the representor must intend the representation to induce another to act on it; and 4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Mallette v. Children's Friend & Serv.*, 661 A.2d 67, 69 (R.I. 1995). | Ten years. R.I. Gen. Laws § 9-1-13(a). | Justifiable reliance needed for both. *Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010). *Mallette v. Children's Friend & Serv.*, 661 A.2d 67, 69 (R.I. 1995). | Intent to induce reliance is needed for both. *Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010). *Mallette v. Children's Friend & Serv.*, 661 A.2d 67, 69 (R.I. 1995). | "[F]raud in a civil suit need only be proven by a fair preponderance of the evidence." *Ostalkiewicz v. Guardian Alarm, Div. of Colbert's Sec. Servs., Inc.*, 520 A.2d 563, 569 (R.I. 1987). | Punitive damages available for fraud if the party making the false statements knows it is false. *Conti v. Walter Winters*, 86 R.I. 456, 458 (R.I. 1957). "The 'benefit of the bargain' rule is the proper measure of damages in a claim for fraud or misrepresentation, the difference between the actual value of what the defrauded person received and the value which it would have had if it had been as represented." *Caseau v. Belisle*, 2005 R.I. Super. LEXIS 144 (R.I. Super. Ct. 2005). Out of pocket for negligent misrepresentation. *Gale v. Value Line, Inc.*, 640 F. Supp. 967, 970 (D.R.I. 1986). | |

- 40 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **SOUTH CAROLINA** | "To establish fraud, the following nine elements must be shown: (1) a representation or nondisclosure of a material fact, (2) its falsity, (3) its materiality, (4) either knowledge of its falsity or a reckless disregard of its truth or falsity, (5) intent that the representation be acted upon, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.E.2d 371, 378 (S.C. Ct. App. 2000). | "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation." *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992). | Three years after discovery. S.C. Code Ann. § 15-3-530 (1976). | Justifiable reliance necessary for both. *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992). *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.E.2d 371, 378 (S.C. Ct. App. 2000). | For intentional misrepresentation the statement needs to have been made with knowledge of falsity or reckless disregard and with intent to induce reliance. *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.E.2d 371, 378 (S.C. Ct. App. 2000). | "To prevail on a cause of action for fraud, a Plaintiff must prove by clear, cogent and convincing evidence…" *Moseley v. All Things Possible, Inc.*, 694 S.E.2d 43, 45 (S.C. Ct. App. 2010). "A claim for negligent misrepresentation requires a plaintiff to show, by a preponderance of the evidence." *RL REGI Fin., LLC v. DDB of Spartanburg, LLC*, 2011 U.S. Dist. LEXIS 94518 (D.S.C. Aug. 23, 2011). | An act of fraud is enough to warrant punitive damages. *Hutcherson v. Pilgrim Health & Life Ins. Co.*, 227 S.C. 239, 244 (S.C. 1955). South Carolina scheme of punitive damages, which allows a jury to punish wealthier defendants more to effect a proportionally equal deterrent. *Defender Industries, Inc. v. Northwestern Mut. Life Ins. Co.*, 809 F. Supp. 400, 409 (D.S.C. 1992). The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies. *Schnellmann v. Roettger*, 373 S.C. 379, 383 (S.C. 2007). | |

LEGAL02/32945374v2

**VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS**

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **SOUTH DAKOTA** | The common-law fraud claim requires that "a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with the intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage."<br><br>*Delka v. Cont'l Cas. Co.*, 748 N.W.2d 140, 151-52 (S.D. 2008). | "The elements of a negligent misrepresentation claim are: (1) the defendant supplied false information to the plaintiff; (2) the defendant supplied the information during the course of a transaction in which the defendant had a financial interest; (3) the defendant was negligent in obtaining or communicating the information; (4) the defendant supplied the information intending or knowing that the plaintiff would rely on the information; and (5) the plaintiff acted reasonably in detrimentally relying on the information."<br><br>*Bayer v. PAL Newcomb Partners*, 643 N.W.2d 409, 412 (S.D. 2002). | Six years after discovery.<br><br>S.D. Codified Laws §§ 15-2-3, 13. | Actual/reasonable reliance is an element for both.<br><br>*Delka v. Cont'l Cas. Co.*, 748 N.W.2d 140, 151-52 (S.D. 2008).<br><br>*Bayer v. PAL Newcomb Partners*, 643 N.W.2d 409, 412 (S.D. 2002). | For intentional misrepresentation the statement needs to have been made with knowledge of falsity or reckless disregard and with intent to induce reliance.<br><br>*Delka v. Cont'l Cas. Co.*, 748 N.W.2d 140, 151-52 (S.D. 2008).<br><br>Intent that the party rely on the information or knowledge that they would is an element for negligent misrepresentation.<br><br>*Bayer v. PAL Newcomb Partners*, 643 N.W.2d 409, 412 (S.D. 2002). | It is plaintiff's burden to prove each element of a fraud claim by a preponderance of the evidence.<br><br>*Sejnoha v. City of Yankton*, 622 N.W.2d 735, 739 (S.D. 2001). | "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant."<br>S.D. Codified Laws § 21-3-2.<br><br>"The general measure of damages for breach of an obligation not arising from contract is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."<br><br>*Biegler v. American Family Mut. Ins. Co.*, 2001 SD 13, P43 (S.D. 2001). | |

- 42 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| TENNESSEE | "[Plaintiff] must prove six elements to establish [a] claim of intentional misrepresentation: (1) that [the defendant] made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that [the defendant] made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that [the plaintiff] reasonably relied on the representation; and (6) that [the plaintiff was] damaged by relying on the representation." *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | "[1] the defendant supplied information to the plaintiff; [2] the information was false; [3] the defendant did not exercise reasonable care in obtaining or communicating the information and [4] the plaintiffs justifiably relied on the information." *Williams v. Berube & Assocs.*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000). | Three years. *Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977). | Reasonable or justifiable reliance needed for both. *Williams v. Berube & Assocs.*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000). *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | For intentional misrepresentation, the statement needs to have been made with knowledge of falsity or recklessness or without belief that it was true. *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | "[T]he preponderance [of evidence] standard [of proof] applies in a [fraud] case where the plaintiff does not seek rescission or reformation of a written instrument due to fraud. . . ." *Elchlepp v. Hatfield*, 294 S.W.3d 146, 150 (Tenn. Ct. App. 2008). | Punitive damages permitted only if defendant has acted intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 900 (Tenn. 1992). Damages for fraud are calculated using the benefit of the bargain rule. *Elchlepp v. Hatfield*, 294 S.W.3d 146, 152 (Tenn. Ct. App. 2008). | |

- 43 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **TEXAS** | "The elements of fraud are (1) a material representation was made, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury."<br><br>*Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC,* 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010) (internal citation omitted). | "(a) defendant provides information in the course of his business, or in a transaction in which he has a pecuniary interest; (b) the information supplied is false; (c) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (d) the plaintiff justifiably relies on the information; and (e) the plaintiff suffers damages proximately caused by the reliance."<br><br>*Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991). | "Texas law prescribes a four-year statute of limitations for fraud actions, including claims for fraudulent concealment."<br><br>*Seureau v. ExxonMobil Corp.,* 274 S.W.3d 206, 226 (Tex. Ct. App. 2008).<br><br>A claim for negligent misrepresentation must be brought within two years of the alleged misrepresentation.<br><br>*HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 885 (Tex. 1998). | Justifiable reliance necessary for both.<br><br>*Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC,* 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010).<br><br>*Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991). | Intent to induce reliance necessary for common law fraud.<br><br>*Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC,* 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010).<br><br>"Unlike common law fraud, negligent misrepresentation does not require knowledge of the falsity or reckless disregard of the truth or falsity of the representation at the time it was made."<br><br>*Angle v. Mortgage Elec. Registration Sys.,* 2011 U.S. Dist. LEXIS 105672, 3-4 (E.D. Tex. Sept. 19, 2011). | Common law fraud is proved by the preponderance of the evidence.<br><br>*Browder v. Eicher,* 841 S.W.2d 500, 502 (Tex. App. Houston 14th Dist. 1992). | Exemplary damages may be recovered for fraud if every element if proved by clear and convincing evidence.<br><br>Tex. Civ. Prac. & Rem. Code § 41.003(a).<br><br>The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies.<br><br>*D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 664 (Tex. 1998). | |

- 44 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| UTAH | " (1) [t]hat a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage." *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002). | "(1) the plaintiffs reasonably relied on the defendant's representation, (2) the representation constitutes a "careless or negligent misrepresentation of a material fact," (3) the defendant "had a pecuniary interest in the transaction," (4) the defendant "was in a superior position to know the material facts," and (5) the defendant "should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation." *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986). | Three years. *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327 (Utah 1997). | Reasonable reliance necessary for both. *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986). *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002). | For common law fraud the representer must either have known that the information was wrong or reckless made a representation and made the representation for the purpose of inducing reliance. *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) (internal citations omitted). | "To prevail on a claim of fraudulent inducement, a plaintiff must present clear and convincing evidence…" *Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008). Same for negligence. *Jardine v. Brunswick Corp.*, 18 Utah 2d 378, 383 (Utah 1967). | A common law fraud claim may be enough to warrant punitive damages. *Galindo v. Asset Recovery Trust*, 2008 U.S. Dist. LEXIS 61495 (D. Utah Aug. 12, 2008). For fraud damages are benefit of the bargain. *Brown v. Richards*, 840 P.2d 143, 151 (Utah Ct. App. 1992). For negligence misrepresentation they are out of pocket expenses. *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 2001 UT 54, P40 (Utah 2001). | |

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **VERMONT** | "An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage." *Bennington Hous. Auth. v. Bush*, 933 A.2d 207, 210-11 (Vt. 2007) (internal citations omitted). | "(1) in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, (2) supplies false information (3) for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them (4) by their justifiable reliance upon the information, if the representer (5) fails to exercise reasonable care or competence in obtaining or communicating the information." *Limoge v. People's Trust Co.*, 168 Vt. 265, 268 (Vt. 1998). | Six years after accrual. 12 Vt. Stat. Ann. tit. 12. § 511. | Justifiable reliance is necessary for both. *Bennington Hous. Auth. v. Bush*, 933 A.2d 207, 210-11 (Vt. 2007). *Limoge v. People's Trust Co.*, 168 Vt. 265, 268 (Vt. 1998). | For common law fraud representer needs to know the representation was false. *Bennington Hous. Auth. v. Bush*, 933 A.2d 207, 210-11 (Vt. 2007). | "To succeed on a [fraud claim,] a plaintiff must prove the elements of fraud by clear and convincing evidence. *Bennington Housing Auth. v. Bush*, 933 A.2d 207, 210 (Vt. 2007). Preponderance enough for negligent misrepresentation. *Hughes v. Holt*, 140 Vt. 38, 41 (Vt. 1981). | "actual common law fraud, as opposed to other kinds of intentional torts, inherently possesses the necessary malice and ill will that may make punitive damages appropriate" *Follo v. Florindo*, 2009 VT 11, P46 (Vt. 2009). Damages for both may be calculated by either the out of pocket loss rule or the benefit of the bargain rule at the discretion of the court. *Kramer v. Chabot*, 152 Vt. 53, 57 (Vt. 1989). | |

- 46 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **VIRGINIA** | "An action for fraud requires a showing that there was a false representation of a material fact, made intentionally and knowingly with the intent to mislead, and relied upon by the party misled to his detriment." *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000). "Concealment of a material fact may constitute the element of misrepresentation." *Id.* | "While Virginia does not recognize a claim for negligent misrepresentation, it appears that AEI is asserting a claim for constructive fraud under Virginia law. The elements of constructive fraud are identical to that of a claim for actual fraud, except for the intent element. For constructive fraud, a representation need only be made innocently or negligently, rather than intentionally and knowingly." *Design & Prod. v. Am. Exhibitions, Inc.*, 2011 U.S. Dist. LEXIS 128370 (E.D. Va. Sept. 16, 2011). "Constructive fraud requires that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of reliance upon the misrepresentation." *Poth v. Russey*, 281 F. Supp. 2d 814, 824 (E.D. Va. 2003). | Two years after claim accrues. Va. Code Ann. § 8.01-243. | Reasonable reliance is necessary. *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000). | The elements of constructive fraud are identical to that of a claim for actual fraud, except for the intent element. For constructive fraud, a representation need only be made innocently or negligently, rather than intentionally and knowingly. *Design & Prod. v. Am. Exhibitions, Inc.*, 2011 U.S. Dist. LEXIS 128370 (E.D. Va. Sept. 16, 2011). | "Fraud, whether actual or constructive, must be proved by clear and convincing evidence." *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000). | Punitive damages for common law fraud are available after a showing of actual malice. Actual malice "has been defined as "ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another." *Adkins v. Crown Auto, Inc.*, 488 F.3d 225, 234 (4th Cir. Va. 2007). Generally, a person who acquired property by virtue of a commercial transaction and who has been defrauded by false representations is entitled to recover as damages the difference between the actual value of the property at the time the contract was made and the value that the property would have possessed had the representation been true. *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666-67 (1994). | |

- 47 -

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **WASHINGTON** | "To establish fraud, a litigant must show: (1) a representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) [the speaker's] intent that [the fact] should be acted upon by the person to whom it is made, (6) ignorance of [the fact's] falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) [the right of the person] to rely on it, and (9) [the person's] consequent damage." <br><br> *Cedell v. Farmers Ins. Co.*, 237 P.3d 309, 314-15 (Wash. Ct. App. 2010) (internal citation omitted). | "To establish negligent misrepresentation, a plaintiff must show by clear, cogent, and convincing evidence that the defendant negligently supplied false information the defendant knew, or should have known, would guide the plaintiff in making a business decision, and that the plaintiff justifiably relied on the false information." <br><br> *Ross v. Kirner*, 162 Wn.2d 493, 499 (Wash. 2007). | Three years after discovery. <br><br> Wash. Rev. Code Ann. § 4.16.080. | Justifiable reliance required for both. <br><br> *Ross v. Kirner*, 162 Wn.2d 493, 499 (Wash. 2007). <br><br> *Cedell v. Farmers Ins. Co.*, 237 P.3d 309, 314-15 (Wash. Ct. App. 2010). | Representer must have either know the falsity of the statement or was ignorant of its truth and made the statement to induce reliance for intentional misrepresentation. <br><br> *Cedell v. Farmers Ins. Co.*, 237 P.3d 309, 314-15 (Wash. Ct. App. 2010). | Each element of fraudulent concealment must be established by clear, cogent, and convincing evidence. <br><br> *Stieneke v. Russi*, 190 P.3d 60, 61 (Wash. Ct. App. 2008). <br><br> Preponderance for negligence. <br><br> *Enrico v. National Med. Staffing*, 1998 Wash. App. LEXIS 506 (Wash. Ct. App. Mar. 30, 1998). | "Washington law does not provide for punitive damages because such damages are contrary to public policy." <br><br> *Bau v. Interlay Citizens Bank of Tampa*, 96 Wn.2d 692, 635 (1982). <br><br> Damages for both may be calculated by either the out of pocket loss rule or the benefit of the bargain rule at the discretion of the court. <br><br> *J & J Food Ctrs. v. Selig*, 76 Wn.2d 304, 310 (Wash. 1969). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **WEST VIRGINIA** | "The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Trafalgar House Constr., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 300 (W.Va. 2002). | "[o]ne under a duty to give information to another, who makes an erroneous statement when he has no knowledge on the subject and thereby misleads the other to his injury, is as much liable in law as if he had intentionally stated a falsehood." *Folio v. City of Clarksburg*, 221 W. Va. 397, 405 (W. Va. 2007). | Claims in tort for negligence, professional negligence, and misrepresentation are governed by a two-year statute of limitation. *Trafalgar House Constr., Inc. v. ZMM Inc.*, 567 S.E.2d 294, 299 (W. Va. 2002). | Justifiable reliance needed for both. *Ochala v. Dyncorp Int'l LLC*, 2009 U.S. Dist. LEXIS 109108 (S.D. W. Va. Nov. 23, 2009). | "[I]t is elementary doctrine that a false representation may be made scienter, so as to afford a right of action in damages, in contemplation of law, in any of the following ways: (1) with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; or (3) under circumstances in which the person making it ought to have known if he did not know of its falsity." *State v. Berkeley*, 41 W. Va. 455, 458 (W. Va. 1985). | Elements of fraud claim must be proved by clear and convincing evidence. *Bowling v. Ansted Chrysler-Plymouth-Dodge, Inc.*, 425 S.E.2d 144, 148 (W. Va. 1992). Preponderance for negligence. *Gariety v. Thornton*, 2006 U.S. Dist. LEXIS 31296 (S.D. W. Va. Apr. 3, 2006). | A plaintiff who proves common-law fraud may recover punitive damages. *Muzelak v. King Chevrolet*, 179 W. Va. 340, 345 (W. Va. 1988). "The measure of damages is the difference between the value of the vehicle as warranted or represented and the value of the vehicle in its actual condition at the time of the transaction, plus incidental and consequential damages." *Horan v. Turnpike Ford*, 189 W. Va. 621, 628 (W. Va. 1993). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **WISCONSIN** | "Fraudulent or intentional misrepresentation involves the following elements: "(1) the defendant must have made a representation of fact to the plaintiff; (2) the representation of fact must be false; and (3) the plaintiff must have believed and relied on the misrepresentation to his detriment or damage . . . (4) the defendant must have made the misrepresentation with knowledge that it was false or recklessly without caring whether it was true or false; and (5) the defendant must have made the misrepresentation with intent to deceive and to induce the plaintiff to act on it to his detriment or damage."<br><br>*Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004). | "(1) a duty of care or a voluntary assumption of a duty on the part of the defendant; (2) a breach of the duty (which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts); (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury."<br><br>*Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 319 (Wis. 1987). | Statute of limitations for an action based on fraud is six years.<br><br>*John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 829 (Wis. 2007). | Justifiable reliance is necessary for both.<br><br>*Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 971 (E.D. Wis. 2009). | For intentional misrepresentation the defendant must have made the misrepresentation with knowledge that it was false or recklessly without caring whether it was true or false; and with the intent to induce reliance.<br><br>*Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004). | Under common law regarding burdens of proof, "intentional fraud cases are subject to intermediate burden of 'clear, satisfactory, and convincing evidence.'"<br><br>*Tri-Tech Corp. of Am. v. Americorp Servs., Inc.*, 646 N.W.2d 822, 827 (Wis. 2002). | "Punitive damages are recoverable in actions based on fraud when the wrong was inflicted under "circumstances of aggravation, insult or cruelty, with vindictiveness or malice."<br><br>*D. R. W. Corp. v. Cordes*, 65 Wis. 2d 303, 310 (Wis. 1974).<br><br>The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies.<br><br>*Smith v. Katz*, 226 Wis. 2d 798, 813 (Wis. 1999). | |

LEGAL02/32945374v2

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| WYOMING | "The elements of intentional misrepresentation or fraud are as follows: (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages.  In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | "The elements of a negligent misrepresentation claim are: (1) false information supplied in the course of one's business for the guidance of others in their business; (2) failure to exercise reasonable care in relating the information; and (3) pecuniary loss resulting from justifiable reliance thereon." *Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.*, 907 F.2d 1293, 1299 (Wyo. 1995). | Four years. Wyo. Stat. Ann. § 1-3-105(a)(iv). | Justifiable reliance necessary for both. *Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.*, 907 F.2d 1293, 1299 (Wyo. 1995). *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | "In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement." Furthermore, plaintiff must have intended to induce reliance. *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | "Fraud must be proven by clear and convincing evidence, as opposed to by a preponderance of the evidence for negligent misrepresentation claims." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 43 (Wyo. 2010). | "To prove punitive damages, an insured must prove that the insurer acted with 'something more' than bad faith: his culpability must rise to the level of willful and wanton misconduct. An insurer must intentionally breach his duty of good faith and in addition must also be guilty of oppression, fraud or malice. Additionally, punitive damages are appropriate when there is an intent to do an act, or an intent to not do an act, in reckless disregard of the consequences, and under such circumstances and conditions that a reasonable person would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another." *Harper v. Gulf Ins. Co.*, 2002 U.S. Dist. LEXIS 24492 (D. Wyo. Dec. 20, 2002). | |